IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
TWENTY-FIRST JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| BRAD JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| vs. ) | |
| ) | Division: |
| CITY OF MAPLEWOOD ) | |
| ) | **JURY TRIAL DEMANDED** |
| And ) | |
| ) | |
| BARRY GREENBERG ) | |
| ) | |
| And ) | |
| ) | |
| KATE BETHEL ) | |
| ) | |
| And ) | |
| ) | |
| ISAAC CHOSICH ) | |
| ) | |
| Defendants. ) | |

## PETITION

COMES NOW Plaintiff Brad Jackson, by and through his undersigned attorney, and for his Petition states as follows:

1. Plaintiff Brad Jackson ("Jackson") is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and an individual over the age of 21 years.

2. Defendant City of Maplewood is, and was at all times relevant herein, a municipality of St. Louis County.

3. Defendant Barry Greenberg ("Greenberg") is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, an agent of Defendant City of Maplewood, and an individual over the age of 21 years.

4. Defendant Kate Bethel ("Bethel") is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and an individual over the age of 21 years.

5. Defendant Issac Chosich ("Chosich") is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and an individual over the age of 21 years.

6. Venue is appropriate in St. Louis County, because Plaintiff was first injured by the wrongful conduct of Defendants in St. Louis County.

### FACTS APPLICABLE TO ALL CLAIMS

7. Plaintiff owned Roughneck Grooming & Beard Co. ("Roughneck") since 2014. The store front for Roughneck opened in Maplewood the following year.

8. Defendant Bethel is the owner of a soap company called Maven Bath & Candle Co. ("Maven"), whose store front existed prior to Roughneck. Because Maven also sells beard care products, the relationship between Defendant Bethel and Plaintiff Jackson was far from neighborly.

9. From approximately 2015 to the present, Defendant Bethel has made false statements about Plaintiff Jackson to various third parties in Maplewood, alleging that:

   a. Jackson did not have a business license;

   b. Jackson did not pay taxes and that was the reason why he got disqualified from the Maplewood School Board;

   c. Jackson illegally prepared taxes;

   d. Roughneck's products were of such terrible quality that customers were return their purchases from Roughneck;

   e. Jackson and Roughneck were employing criminals.

10. In 2021, Plaintiff Jackson helped campaign for a mayoral candidate Nikylan Knapper. Defendant Greenberg at the time was the current mayor.

11. During that mayoral election circle, Defendant Greenberg, made a Facebook post about Plaintiff, accusing him of being abusive to Greenberg's supporters. Defendant Greenberg later apologized for making that post.

12. Knapper was appointed to mayor that same year.

13. During Knapper's tenure, Plaintiff Jackson was appointed and served as the commissioner on the planning and zoning committee of the City of Maplewood as well as its sustainability commission.

14. During the next mayoral election, Defendant Greenberg decided to run again against Knapper.

15. Defendant Greenberg won reelection on or around April 2024.

### *Ethics Complaint Against Plaintiff Jackson*

16. As Defendant Greenberg was appointed, the City of Maplewood adopted a new code of ethics policy for the boards of commissioners.

17. The City of Maplewood's Code of Ethics emphasizes that the Board and its Commission members follow eight virtues:

    a. Commitment to public service;

    b. Integrity and honesty;

    c. Transparency;

    d. Fair and impartial decision-making;

    e. Confidentiality;

    f. Respect and professionalism;

Electronically Filed - ST LOUIS COUNTY - July 31, 2024 - 02:28 PM

  g. Community engagement; and

  h. Compliance with laws and policies.

18. The Complaint Process is as follows:

  a. Any person may file an ethics complaint within 30 days of the violation by submitting it to the Mayor, who will then notify the ethics review committee;

  b. Upon review of the complaint, the ethics review committee shall promptly initiate an impartial investigation. The accused board or commission member shall have the opportunity to respond to the allegations and present evidence during the investigation;

  c. To the extent possible, the ethics review committee shall maintain the confidentiality of the complaint, investigation, and any subsequent disciplinary proceedings, consistent with applicable laws.

19. On or around May 1, 2024, Defendant Bethel filed an ethics complaint against Plaintiff Jackson, alleging that he had been making accusations about one of her employees engaging in sexual misconduct. *See* Exhibit A, Ethics Complaint.

20. The City of Maplewood conducted their ethics investigation at the City of Maplewood Town Hall. Plaintiff submitted his evidence via Google Drive to the City of Maplewood's Ethics Review Committee and Defendant Greenberg.

21. Defendant Greenberg was not a part of the review committee and was told not to be present at the ethics investigation hearing. *See* Exhibit B, Ethics Review Committee Email.

Electronically Filed - ST LOUIS COUNTY - July 31, 2024 - 02:28 PM

22. Nevertheless, Defendant Greenberg chose to impose himself in such investigative matters. He would enter the waiting room and falsely allege that Plaintiff Jackson was doctoring screenshots.

23. The Ethics Review Committee promised Plaintiff Jackson that the contents in such evidence folder would be kept confidential.

24. On or around May 8, 2024, Defendant Greenberg leaked Plaintiff's evidence folder to Defendant Bethel. *See* Exhibit C, Greenberg/Bethel Disclosure.

25. Defendant Bethel then shared Plaintiff's evidence folder to Defendant Chosich, another employee of Maven.

26. On or around May 10, 2024, Defendant Chosich then disclosed such information on his Facebook page, which was open to the public. *See* Exhibit D, Chosich Facebook Post.

27. Defendant Chosich also began making false statements about Plaintiff Jackson, alleging:

   a. That Plaintiff does not pay taxes;
   b. That Plaintiff does not pay rent;
   c. That Plaintiff does not pay child support;
   d. That Plaintiff has a cocaine addiction;
   e. That Plaintiff is a drug dealer; and
   f. That Plaintiff tried to blackmail a city council member with nude images that he claimed to have of her;

28. On or around May 20, 2024, Defendant City of Maplewood informed Plaintiff Jackson and Defendant Bethel that Plaintiff's confidential materials were "publicly disseminated without the Ethics Review Committee's knowledge." As a result, the committee "refrain[ed] from

issuing any recommendations or findings regarding [the ethics] complaint." *See* Exhibit E, Ethics Review Committee Recommendations.

29. When Plaintiff Jackson discovered Defendant Chosich's Facebook page and the evidence that was leaked to the public, he filed a freedom of information request with Defendant City of Maplewood. Such request revealed that it was Defendant Greenberg who disclosed Plaintiff Jackson's confidential evidence folder.

30. Immediately after receiving the first freedom of information request, Plaintiff Jackson filed a subsequent one, which revealed the following;

   a. Defendant Greenberg authored the initial ethics complaint against Plaintiff Jackson and had Bethel sign it as her own;

   b. Defendant Greenberg authored such ethics complaint with the sole intention of removing Plaintiff Jackson from his appointed position with the commission;

   c. In exchange for her signature, Defendant Greenberg also discussed with Defendant Bethel his proposal of appointing her as Special Business District Tax Advisory Commissioner;

   d. Upon reasonable information and belief, Defendant Greenberg sought retaliation against Plaintiff Jackson, because he was a political supporter of Greenberg's opponent.

*See* Exhibits F-H, Greenberg/Bethel Emails.

31. On or around June 4, 2024, after receiving results of his freedom of information requests, Plaintiff Jackson filed an ethics complaint against Defendant Greenberg. A hearing was conducted on or around June 20, 2024.

*Further Retaliation Against Plaintiff Jackson*

32. On June 21, 2024, the day after the ethics hearing against Defendant Greenberg, Plaintiff Jackson got pulled over by the police for an outstanding traffic warrant. As Plaintiff was pulled over, all three Defendants appeared and took images of him.

33. During the following two days, Plaintiff Jackson began having increased police presence within a short distance from his home. At least one friend of his was pulled over for no reason after leaving Plaintiff Jackson's residence.

34. Defendant Greenberg also told Defendant Bethel that he "would contact the municipal judge and prosecutor to look at municipal charges [that] are punishable by a $1000 fine and three months in jail."

35. As a result of the false statements and continuing harassment by Defendants Bethel, Greenberg, and Chosich, Plaintiff Jackson's reputation has been tarnished, which has resulted in the following:

   a. harassing letters being sent to members of the community and Plaintiff's family, which upon information and belief were initiated by Defendants Bethel, Greenberg, and Chosich; *See* Exhibit I, Letters.

   b. a significant loss of income incurred for his business, which has led Plaintiff to let go of his storefront in Maplewood open;

   c. Plaintiff's severe emotional distress;

**COUNT I: PUBLIC DISCLOSURE OF PRIVATE FACTS AGAINST DEFENDANT GREENBERG**

COMES NOW Plaintiff Jackson, and for his claim of public disclosure of private facts against Defendant Greenberg states as follows:

36. All preceding paragraphs are hereby incorporated by reference as if fully set forth

Electronically Filed - ST LOUIS COUNTY - July 31, 2024 - 02:28 PM

herein.

37. The City of Maplewood conducted an ethics investigation on Plaintiff Jackson at the City of Maplewood Town Hall. Plaintiff submitted his evidence via Google Drive to the City of Maplewood's Ethics Review Committee and Defendant Greenberg.

38. Defendant Greenberg was not a part of the review committee and was told not to be present at the ethics investigation hearing, yet he chose to impose himself in such investigative matters. Defendant Greenberg would enter the waiting room and falsely allege that Plaintiff Jackson was doctoring screenshots.

39. The Ethics Review Committee promised Plaintiff Jackson that the contents in such evidence folder would be kept confidential.

40. Plaintiff Jackson's evidence folder involved private matters in which the public had no legitimate concern.

41. Defendant Greenberg leaked Plaintiff's evidence folder to Defendants Bethel and Chosich, who then published it on his public Facebook page.

42. Defendant Greenberg was not privileged from disclosing Plaintiff's confidential materials.

43. Defendant Greenberg intended to bring shame and humiliation to Plaintiff Jackson by disclosing Plaintiff's confidential materials pertaining to the ethics complaint against him.

WHEREFORE Plaintiff Jackson requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the tortious conduct of Defendant Greenberg, attorneys fees, and for any other relief as may be just and proper under the circumstances.

Electronically Filed - ST LOUIS COUNTY - July 31, 2024 - 02:28 PM

## COUNT II: DEFAMATION AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Jackson, and for his claim of defamation against all Defendants states as follows:

44. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

45. Defendants Greenberg, Bethel, and Chosich each published defamatory statements about Plaintiff Jackson.

46. Each of Defendants' statements were communications to third parties that consisted defamatory matter.

47. Each of Defendants' statements about Plaintiff Jackson are false.

48. Plaintiff Jackson is identified in each of Defendants' false statements.

49. Each of these statements were published with a requisite degree of fault.

50. Each of these statements were published with either knowledge that they were false or with reckless disregard for whether they were true or false at a time when Defendants had serious doubt as to whether they were true.

51. As mayor, Defendant Greenberg acted as an agent on behalf of Defendant City of Maplewood.

52. Defendant City of Maplewood is vicariously liable for the tortious actions of its agents.

53. As a result of the false statements by Defendants, Bethel, Greenberg, and Chosich, Plaintiff Jackson incurred a significant loss of income for his business. Plaintiff was unable to keep his storefront in Maplewood open, due to his tarnished reputation within the community.

54. Additionally, Plaintiff Jackson suffered from severe emotional distress as a result of his tarnished reputation within the community.

WHEREFORE Plaintiff Jackson requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the tortious conduct of all Defendants, attorneys fees, and for any other relief as may be just and proper under the circumstances.

### COUNT III: TORTIOUS INTERFERENCE AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Jackson, and for his claim of tortious interference against all Defendants states as follows:

55. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

56. Plaintiff Jackson was involved in multiple valid business relationships.

57. Defendants Bethel, Greenberg, Chosich, and the City of Maplewood were aware of Plaintiff Jackson's business and his business relationships.

58. Defendants Bethel, Greenberg, and Chosich each made false statements to third parties about Plaintiff Jackson's business and reputation within the small community of Maplewood.

59. Each of Defendants' false statements to such third parties were for the purpose of interfering with Plaintiff Jackson's business expectancies, inducing their termination.

60. Each of Defendants' false statements to such third parties were made without justification.

61. As mayor, Defendant Greenberg acted as an agent on behalf of Defendant City of Maplewood.

62. Defendant City of Maplewood is vicariously liable for the tortious actions of its agents.

63. As a result of the false statements by Defendants, Bethel, Greenberg, and Chosich, Plaintiff Jackson has received harassing letters at his home from members of the community, which upon information and belief were initiated by Defendants Bethel, Greenberg, and Chosich.

64. As a result of the false statements by Defendants, Bethel, Greenberg, and Chosich, Plaintiff Jackson incurred a significant loss of income for his business.

65. Additionally, Plaintiff Jackson suffered from severe emotional distress as a result of his tarnished reputation within the community.

WHEREFORE Plaintiff Jackson requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the tortious conduct of all Defendants., attorneys fees, and for any other relief as may be just and proper under the circumstances.

### COUNT IV: FIRST AMENDMENT VIOLATION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Jackson, and for his First Amendment violation claim against all Defendants states as follows:

66. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

67. While acting as mayor for Defendant City of Maplewood, Defendant Greenberg authored an ethics complaint against Plaintiff Jackson and had Defendant Bethel sign it as her own.

68. In exchange for Defendant Bethel's signature, Defendant Greenberg also discussed with Bethel his proposal of appointing her as Special Business District Tax Advisory

Commissioner.

69. Defendant Greenberg authored the ethics complaint against Plaintiff Jackson with the sole intention of removing Plaintiff from his appointed positions with the sustainability commission and the planning and zoning committee for Defendant City of Maplewood.

70. Upon reasonable information and belief, Defendant Greenberg sought retaliation against Plaintiff Jackson, because he was a political supporter of Greenberg's opponent.

71. Furthermore, Defendant Greenberg disclosed Plaintiff Jackson's confidential evidence folder that was provided to Defendant City of Maplewood in response to Defendant Greenberg's false ethics complaint.

72. As mayor, Defendant Greenberg acted as an agent on behalf of Defendant City of Maplewood.

73. By doctoring an ethics complaint against Plaintiff Jackson and improperly disclosing his confidential evidence folder, Defendants created a smear campaign against Plaintiff Jackson that violated his Constitutional rights.

74. Plaintiff Jackson's speech was conducted in a public forum.

75. Plaintiff Jackson expressly associated with a political opponent of Defendant Greenberg.

76. Plaintiff Jackson's speech and expressive association are protected by the First Amendment.

77. Plaintiff Jackson's speech and expressive association did not violate any law.

78. Plaintiff Jackson's speech was reasonable as to time, place, and manner.

79. But for the content of and viewpoint expressed in Plaintiff Jackson's speech and expressive association and Defendant Greenberg's animus towards Plaintiff for seriously

disadvantaging his campaign for reelection, Defendant Maplewood would not have interfered with, prohibited, and abridged Plaintiff's speech.

80. Defendants' actions would deter a person of ordinary firmness from exercising their Constitutional rights.

WHEREFORE Plaintiff Jackson requests humbly that the Court enter a declaratory judgment in his favor, issue a permanent injunction, and allow such other and further relief as is proper under the circumstances.

### COUNT V: FOURTEENTH AMENDMENT VIOLATION PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Jackson, and for his due process violation claim against all Defendants states as follows:

81. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

82. While acting as mayor for Defendant City of Maplewood, Defendant Greenberg authored an ethics complaint against Plaintiff Jackson and had Defendant Bethel sign it as her own.

83. In exchange for Defendant Bethel's signature, Defendant Greenberg also discussed with Bethel his proposal of appointing her as Special Business District Tax Advisory Commissioner.

84. Defendant Greenberg authored the ethics complaint against Plaintiff Jackson with the sole intention of removing Plaintiff from his appointed positions with the sustainability commission and the planning and zoning committee for Defendant City of Maplewood.

85. Upon reasonable information and belief, Defendant Greenberg sought retaliation against Plaintiff Jackson, because he was a political supporter of Greenberg's opponent.

86. Furthermore, Defendant Greenberg disclosed Plaintiff Jackson's confidential evidence folder that was provided to Defendant City of Maplewood in response to Defendant Greenberg's false ethics complaint.

87. As mayor, Defendant Greenberg acted as an agent on behalf of Defendant City of Maplewood.

88. Defendant Greenberg's actions on behalf of Defendant City of Maplewood violated Plaintiff Jackson's due process as to the ethical complaint filed against Plaintiff and the allegations therein.

WHEREFORE Plaintiff Jackson requests humbly that the Court enter a declaratory judgment in his favor, issue a permanent injunction, and allow such other and further relief as is proper under the circumstances.

## COUNT VI: CONSPIRACY PURSUANT TO 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS

COMES NOW Plaintiff Jackson, and for his claim of conspiracy states as follows:

89. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

90. Defendants Greenberg, Bethel, and Chosich each had an unlawful objective in conducting their smear campaign against Plaintiff Jackson and leaking Plaintiff's confidential information.

91. Defendants Greenberg, Bethel, and Chosich each had a meeting of the minds in conducting their smear campaign against Plaintiff Jackson and leaking Plaintiff's confidential information.

92. Each of the Defendants acted in furtherance of the conspiracy by leaking confidential information that violated Plaintiff Jackson's state constitutional rights of free speech,

freedom of association, and due process.

93. As mayor, Defendant Greenberg acted as an agent on behalf of Defendant City of Maplewood.

94. Defendant City of Maplewood is vicariously liable for the tortious actions of its agents.

95. As a result of the conspiring acts by Defendants Bethel, Greenberg, and Chosich, Plaintiff Jackson incurred a significant loss of income for his business and severe emotional distress.

WHEREFORE Plaintiff Jackson requests humbly that the Court enter judgement in his favor, and set the case for trial by jury to assess damages arising from the conspiracy of all Defendants, attorneys fees, and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

**OTT LAW FIRM**

*Joseph Ott* (signature)

Joseph A. Ott, #67889

*Mark Edward Blankenship Jr* (signature)

Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*