IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON | ) |
| Plaintiff, | ) |
| | ) Case No. 4:24-cv-01207-NCC |
| vs. | ) |
| CITY OF MAPLEWOOD, Et. Al | ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO**
**DEFENDANT CITY OF MAPLEWOOD'S MOTION TO DISMISS**

COMES NOW Plaintiff, Brad Jackson ("Plaintiff"), by and through her lawyer, and for his Memorandum in Opposition to Defendant City of Maplewood's Motion to Dismiss, states to the Court as follows:

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *see also* Fed. R. Civ. P. 12(b)(6). To determine whether a complaint states a facially plausible claim, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the nonmovant's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). We must construe the complaint "liberally." *Luney v. SGS Auto. Servs., Inc.*, 432 F.3d 866, 867 (8th Cir. 2005) (quotation omitted).

**DISCUSSION**

Defendant City of Maplewood is asserting municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). "To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell* 436 U.S., at 690-92.

A. **Official Policy Requirement**

The "official policy" requirement of *Monell* was intended to distinguish acts of the municipality from acts of the municipality's employees, and thereby make clear that municipal liability is limited to actions for which the municipality is actually responsible. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 470 (1986). *Monell* held that recovery from a municipality is limited to acts that are, properly speaking, "of the municipality," i.e., acts that the municipality has officially sanctioned or ordered. *Id.* With this understanding, it is plain that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. *Id.* If the decision to adopt a particular course of action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly. *Id.*

Municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances. *Id.* at 480. No one has ever doubted, for instance, that a municipality may be liable under § 1983 for a single decision by its properly constituted legislative body—whether or not that body had taken similar action in the past or intended to do so in the future—because even a single decision by such a body unquestionably constitutes an act of official government policy. *Id.; see, e.g., Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (City Council passed resolution firing plaintiff without a

pretermination hearing); *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (City Council canceled license permitting concert because of dispute over content of performance).

With that said, the power to establish policy is no more the exclusive province of the legislature at the local level than at the state or national level. *Pembaur*, 475 U.S., at 480. *Monell*'s language makes clear that it expressly envisioned other officials "whose acts or edicts may fairly be said to represent official policy," and whose decisions therefore may give rise to municipal liability under § 1983. *See id.* (quoting *Monell*, 436 U.S., at 694, 98 S.Ct., at 2037-2038). In other words, such official must be the final decision maker for the county. *See id.* at 485 (emphasis added) (holding that county prosecutor was acting as final decision maker for county after enter physician's clinic to serve capiases on third parties in an investigation of alleged welfare fraud, thus finding county liable under 42 U.S.C.A. § 1983 for alleged violation of physician's Fourth Amendment rights). City mayors have been found to be final policymakers. *See e.g. Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013).

In *Praprotnik v. City of St. Louis*, 879 F.2d 1573 (8th Cir. 1989), the Court held that Plaintiff failed to make a submissible case of municipal liability under 42 U.S.C. § 1983. First, the Court stated that the supervisors responsible for Praprotnik's transfer and layoff were not vested with final policymaking authority for making municipal policy in the area of personnel administration and layoffs. At most, these officials were entrusted with the authority for making discretionary personnel decisions in their departments. Second, the Court found that the mayor and aldermen's policymaking authority appeared to be limited to personnel matters of a more broad, all-encompassing nature (e.g., compensation rates, retirement plans, department appropriations). As a general rule, decisions of the mayor and aldermen which specifically

3

address and adversely affect individual employees are not "final" for purposes of § 1983 because those decisions are subject to review by the Commission.

### B. Alternatives to the Official Policy Requirement

However, showing an official policy is not the only method of proving municipal liability. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (local government may be liable for failure to train or supervise police use of force if the city's failure to act demonstrated "deliberate indifference to the rights of persons with whom the police come into contact"). Thus, three methods for establishing municipal liability have emerged: "[P]laintiff must show that a constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Aldridge v. City of St. Louis*, 2019 WL 1695982, at * 9 (E.D. Mo. Apr. 17, 2019) (citing *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018)).

A plaintiff may establish municipal liability through a "custom" by demonstrating: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation. *Id.* at * 9-10.

A plaintiff need not identify the specific unconstitutional policy to survive a motion to dismiss, *see Crumpley-Patterson v. Trinity Lutheran Hospital*, 388 F.3d 588, 591 (8th Cir. 2004), but he or she must, at the least, allege facts that would support the drawing of an inference that the conduct complained of resulted from the existence of an unconstitutional policy or custom. *Id.* Accordingly, a complaint is not deficient because it fails to incorporate language specifically

alleging the existence of an unconstitutional policy or custom. *Doe ex rel. Doe v. School Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, Plaintiff has expressed his support for Defendant Greenberg's former political opponent. ¶¶ 10-15, 30. Plaintiff's Petition highlights Defendant City of Maplewood's Code of Ethics and Ethics Complaint Procedure, which were adopted upon Defendant Greenberg's appointment as mayor for the City of Maplewood. ¶¶ 16-18. Defendant Bethel filed an ethics complaint against Plaintiff. ¶ 19. Plaintiff was promised an impartial investigation by Defendant City of Maplewood and that his evidence folder would be kept confidential. ¶ 18. Unfortunately, Defendant Greenberg, who was not a part of the review committee and was told not to be present at the ethics investigation hearing, continued to impose himself in such investigative matters and falsely allege that Plaintiff Jackson was doctoring screenshots. ¶¶ 21-22. Defendant Greenberg would then disclose Plaintiff's evidence folder, thus halting the Ethics Review Committee's investigation. ¶¶ 24-28.

Plaintiff subsequently filed an ethics complaint against Defendant Greenberg with Defendant City of Maplewood, upon learning that (1) Defendant Greenberg doctored Defendant Bethel's ethics complaint against Plaintiff and (2) Defendant Greenberg disclosed Plaintiff's confidential evidence folder. ¶¶ 29-31. A hearing was conducted on June 20, 2024. ¶ 31. On June 21, 2024, the day after the ethics hearing against Defendant Greenberg, Plaintiff Jackson got pulled over by the police for an outstanding traffic warrant. As Plaintiff was pulled over, all three Defendants appeared and took images of him. ¶ 32. During the following two days, Plaintiff Jackson began having increased police presence within a short distance from his home. At least one friend of his was pulled over for no reason after leaving Plaintiff Jackson's residence. ¶ 33. Defendant Greenberg also told Defendant Bethel that he "would contact the municipal judge and

5

prosecutor to look at municipal charges [that] are punishable by a $1000 fine and three months in jail." ¶ 34.

In surviving Defendant City of Maplewood's Motion to Dismiss, Plaintiff's Petition alleges enough facts that would support the drawing of an inference that Plaintiff's infringed rights of free speech and due process resulted from the existence of an unconstitutional policy or custom. Defendant Greenberg's meddling in the Ethics Complaint process and Ethics Review Committee's investigations clearly demonstrate a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees. Defendant City of Maplewood has shown deliberate indifference to or tacit authorization of Defendant Greenberg's conduct. Finally, such customs were the moving forces behind Plaintiff's infringement of his civil rights of free speech and due process.

## CONCLUSION

WHEREFORE, Plaintiff Jackson respectfully requests that this Court DENY Defendant City of Maplewood's Motion to Dismiss. In the alternative, Plaintiff requests that the Court grant leave to file an Amended Complaint.

Respectfully Submitted,

**OTT LAW FIRM**

*/s/ Mark Edward Blankenship Jr.*
Joseph A. Ott, #67889
Mark E. Blankenship Jr., #73123
3544 Oxford Blvd
Maplewood, MO 63143
Phone: (314) 293-3756
Fax: (314) 689-0080
joe@ott.law
mark@ott.law

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was served upon the following via electronic mail and certified mail on this October 2, 2024.

**REICHARDT NOCE LLC**
Timothy J. Reichardt
Daniel T. Mooney
12444 Powerscourt Drive
Suite 160
St. Louis, MO 63131
Phone: 314-789-1199
Fax: 314-754-9795
tjr@reichardtnoce.com
dtm@reichardtnoce.com
*Attorneys for Defendant City of Maplewood*

**HELLMICH HILL LLC**
Jason S. Retter
1049 N. Clay Ave.
Kirkwood, MO 63122
314-646-1110
Fax: 314-646-1122
jason@hellmichhillretter.com
*Attorney for Defendant Greenberg*

**GARLAND LAW PC**
Michael Garland
101 W. Argonne Drive #202
Kirkwood, MO 63122
314-332-6228
michael@garlandlawpc.com
*Attorney for Defendant Bethel*

Issac Chosich
7328 Manchester Rd,
Maplewood, MO 63143
*Defendant Pro Se*