**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRAD JACKSON, | |
| Plaintiff, | Case No. 4:24-cv-01207-NCC |
| vs. | |
| CITY OF MAPLEWOOD, et al. | |
| Defendants. | **JURY TRIAL DEMANDED** |

### DEFENDANT CITY OF MAPLEWOOD'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Defendant City of Maplewood ("City"), by and through undersigned counsel, and for its Reply Memorandum of Law in Support of its Motion to Dismiss, states as follows:

**I.  Counts II, III, and V should be dismissed because, in addition to the meritorious basis for dismissal in Defendant's Motion to Dismiss, Plaintiff has waived any argument to the contrary by failing to respond.**

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 21) did not respond to Defendant's Motion to Dismiss the common law tort claims against the City in Counts II and III. Plaintiff also did not respond to Defendant's argument that Plaintiff's Complaint fails to state a viable 14th Amendment due process claim in Count V.

Defendant has sovereign immunity from Plaintiff's Missouri common law tort claims in Counts II ("Defamation") and III ("Tortious Interference") pursuant to MO.REV.STAT. § 537.600 to which no exception has been pleaded nor applies under the circumstances alleged. Plaintiff's Complaint fails to state a viable substantive or procedural due process claim. Regardless, Plaintiff has essentially conceded these points and waived any argument to the contrary by not responding

1

to the same. A motion to dismiss is properly granted, and argument to the contrary is waived, when a plaintiff fails to respond to a dispositive issue raised by a defendant in a Motion to Dismiss. *See Loop Lofts Apartments, LLC v. Wright National Flood Insurance Co.*, 2023 WL 7406215 (E.D.Mo. Nov. 9, 2023); *Goodwin v. Village of Oakview*, No. 19-00009-CV-W-ODS, 2019 WL 1344727, at *3 (W.D. Mo. Mar. 25, 2019) ("By failing to respond [to Defendant's arguments for dismissal], Plaintiff tacitly waives an argument to the contrary. Thus, the Court grants Defendants' motion to dismiss . . . ."); *Bryant v. JK Concrete Constr.*, No. 4:23-cv-00787-DGK, 2024 WL 1251255, at *2 (W.D. Mo. March 22, 2024) ("By failing to reasonably respond [to defendant's arguments in support of motion to dismiss], Plaintiff has waived these issues and dismissal is appropriate for that reason alone."); *Tarvisium Holdings, LLC v. Dukat, LLC*, No. 4:19-cv-0086-DGK, 2021 WL 5534688, at *2 (W.D. Mo. Mar. 22, 2021) ("As a threshold matter, by failing to respond to Plaintiff's . . . argument, Defendant has conceded it."); *Hutchison v. Texas County*, No. 09-3018-cv-s-RED, 2010 WL 11509268, at *5 n.5 (W.D. Mo. Apr. 30, 2010) ("By failing to respond to this argument, Plaintiff's official capacity claim is subject to dismissal as having been waived.").

The claims against the City of Maplewood in Counts II, III, and V should be dismissed.

## II.   Counts IV and VI should be dismissed because Plaintiff's allegations do not form the basis of a municipal policy or custom as a matter of law.

After apparently realizing that his pleaded claims of vicarious liability against the City in Counts IV and VI[1] were legally deficient, Plaintiff's response to Defendant's Motion to Dismiss now claims that an unconstitutional municipal policy or custom may be inferred from the facts alleged in Plaintiff's Complaint. It is unclear what unconstitutional policy or custom of the City

---

[1] Plaintiff also proceeds under a *Monell* theory of liability against the City in Count V, which for the reasons explained above, separately fails to state a viable 14th Amendment due process violation. The arguments set forth in this section nonetheless also apply to defeat Plaintiff's claim in Count V.

2

of Maplewood might even be contemplated from the facts alleged. Regardless, the facts alleged in Plaintiff's Complaint do not form the basis for a *Monell* claim as a matter of law.

**No unconstitutional policy**. Plaintiff's Complaint does not claim there was an express municipal policy on the matters at issue. From his response, it appears that Plaintiff is now claiming that Mayor Greenberg's conduct was the making of City policy by a final policymaker for the City of Maplewood. A review of the law and the facts alleged by Plaintiff confirms that Greenburg's alleged conduct is clearly not that of a final policymaker on matters within his authority.

"[A] local government is liable under § 1983 for its policies that cause constitutional torts. These policies may be set by the government's lawmakers, 'or by those whose edicts or acts may fairly be said to represent official policy.'" *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784 (1997), *quoting Monell*, 436 U.S. at 694. "Municipal liability may be imposed for a single decision by municipal policymakers who possess final authority to establish municipal policy **with respect to the action ordered.**" *Hamilton v. City of Hayti*, 948 F.3d 921, 929 (8th Cir. 2020), quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (emphasis added). "[T]he challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

"Municipal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483. It is a question of law for the Court to decide whether the facts alleged amount to a municipal policymaker (Mayor Greenberg) setting policy on a matter within his authority to

3

set policy. *See Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013); see also, *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) ("Reviewing the relevant legal materials, including state and local positive law, as well as 'custom or usage having the force of law', the trial judgment must identify those officials… who speak with final policymaking authority… concerning the action alleged to have caused the particular constitutional… violation at issue.").

First, as a matter of law, Mayor Greenberg is not the final policymaker of the City of Maplewood either generally or for the matters raised in Plaintiff's Complaint. "Whether a particular official has 'final policymaking authority' is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988). Here, Maplewood is a charter city, and the City Charter places final policymaking authority for the City in the hands of its council. See City of Maplewood Charter, § 3.1. [2]  Plaintiff's reference to *Atkinson* is inapposite, as that Court held only that the mayor and the board of alderman are final policymakers <u>for matters of public safety</u> pursuant to Missouri law governing Fourth Class cities. *Atkinson*, 709 F.3d at 1215. Ultimately, the City of Maplewood may only be found liable for the deliberate unconstitutional action of its council as a matter of law.

Second, even if Mayor Greenberg could be deemed a final policymaker of the City, the matters alleged in this case do not amount to the types of action or decisionmaking of a final policymaker that may yield liability against the City of Maplewood under *Pembaur*. Plaintiff alleges that Mayor Greenberg conspired with a private individual (Defendant Bethel) to have an ethics complaint filed against Plaintiff.  This in no way involves a matter in which Mayor Greenberg could be deemed to be a policymaker or to which he could be considered as Greenberg

---

[2] It is appropriate for the Court to take judicial notice of the City Charter. *Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017) ("[M]atters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.") (citation omitted).

4

making a policy decision for the City. Second, Plaintiff alleges that Mayor Greenberg improperly released confidential records. Importantly, Plaintiff also alleges that the City excluded Mayor Greenberg from the Ethics Committee proceedings; that Greenberg was told not to be present at the hearing; and that the Ethics Committee notified Plaintiff that the release of records was done without its knowledge. (Complaint, ¶¶ 21, 28). These are allegations of independent action rather than Greenburg's setting of City policy.

Contrary to Plaintiff's suggestion, no City policy may be inferred from these facts alleged. Moreover, there is no basis for claiming that, under Missouri law, such matters are within the final policymaking authority of Greenberg as Mayor.

**No unconstitutional custom.** To state a claim for custom liability, Plaintiff must plead facts demonstrating: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation. *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016). "[T]he pattern of unconstitutional conduct must be so pervasive and widespread so 'as to have the effect and force of law.'" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1075 (8th Cir. 1996)).

Plaintiff's allegations by no means indicate that a continuing, widespread, and persistent pattern of misconduct of the City was the direct cause of a violation of Plaintiff's constitutional rights. In sum, Plaintiff alleges a few select instances of alleged mistreatment. Plaintiff has not

alleged facts from which such a pattern of unconstitutional conduct so pervasive "so as to have the force of law" may be inferred. *Id.*

Even if Plaintiff establishes an unconstitutional custom, they must also prove "[d]eliberate indifference to or tacit authorizations of such conduct by the governmental entity's policy making officials after notice to the officials of that misconduct." *Ware v. Jackson County, Missouri*, 150 F.3d 873, 880 (8th Cir. 1998). No inference of this may be drawn from Plaintiff's Complaint. For instance, Plaintiff's Complaint suggests only that Mayor Greenberg's alleged actions in disclosing confidential materials was without the knowledge of the Ethics Committee, contrary to the wishes of the Committee, and the reason that the Committee chose to cease its process as to the ethics complaint against Plaintiff.

Finally, they must establish that such custom was "the 'moving force [behind] the constitutional violation.'" *Mettler*, 165 F.3d at 1204 (quoting *Monell*, 436 U.S. at 694). To constitute a "moving force," the municipality's conduct must be deliberate, and "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (U.S. (Tex.), 1997). Here, Plaintiff alleges that he was harmed by select instances of the conduct of others, not by the City allowing a widespread and persistent pattern of unconstitutional conduct to continue.

Ultimately, Plaintiff's Complaint does not allege facts that might form an unofficial custom for purposes of *Monell.*

### III. CONCLUSION

For the reasons explained in its Memorandum of Law in Support of its Motion to Dismiss, Defendant City of Maplewood should be dismissed from this lawsuit.

6

REICHARDT NOCE & YOUNG LLC

        */s/ Timothy J. Reichardt*
Timothy J. Reichardt    #57684MO
tjr@reichardtnoce.com
Daniel T. Mooney    #70256MO
dtm@reichardtnoce.com
12444 Powerscourt Drive, Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile
*Attorneys for Defendant City of Maplewood*

<b><u>CERTIFICATE OF SERVICE</u></b>

I hereby certify that on the 9th day of October 2024, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

        */s/ Timothy J. Reichardt*