**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **BRAD JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:24-CV-01207-NCC |
| **CITY OF MAPLEWOOD, BARRY** | ) |
| **GREENBERG, KATE BETHEL, and** | ) |
| **ISAAC CHOSICH,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER SETTING RULE 16 CONFERENCE

**Consent:** This case has been randomly assigned to a United States Magistrate Judge. Unless previously submitted, no later than **October 16, 2024**, each party must submit to the Clerk's Office the consent/option form either consenting to the jurisdiction of a United States Magistrate Judge or opting to have the case assigned to a United States District Judge.

**IT IS HEREBY ORDERED** that

1. **Scheduling Conference**: Scheduling Conference pursuant to Fed. R. Civ. P. 16 is set for **October 30, 2024, at 11:00AM, in the chambers of the undersigned, 15-North.** At the scheduling conference counsel will be expected to discuss in detail all matters covered by Fed. R. Civ. P. 16, as well as all matters set forth in their joint proposed scheduling plan described in paragraph 3, and a firm and realistic trial setting will be established at or shortly after the conference.

2. **Meeting of Counsel**: Prior to the date for submission of the joint proposed scheduling plan set forth in paragraph 3 below, counsel for the parties shall meet to discuss the following:

- the nature and basis of the parties' claims and defenses,

- the possibilities for a prompt settlement or resolution of the case,

- the formulation of a proportional discovery plan, pursuant to Fed. R. Civ. P. 26(b), including the scope and nature of any burden associated with the preservation, retrieval, review, disclosure, and production of discoverable information relative to the likely benefit of the proposed discovery,

- costs, if any, the parties may be willing to share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor (if applicable), or other cost-saving measures,

- any issues relating to preserving discoverable information,

- any issues relating to disclosure or discovery of electronically stored information, including-

    (i)     the form or forms in which it should be produced,

    (ii)    the topics for such discovery and the time period for which such discovery will be sought,

    (iii)   the various sources of such information within a party's control that should be searched for electronically stored information, and

    (iv)    whether the information is reasonably accessible to the party that has it, in terms of the burden and cost of retrieving and reviewing the information,

- any issues relating to claims of privilege or of protection as trial-preparation material, including - if the parties agree on a procedure to assert such claims after production - whether to ask the Court to include their agreement in an order, and

- other topics listed below or in Fed. R. Civ. P. 16 and 26(f).

Counsel will be asked to report orally on the matters discussed at this meeting when they appear before the Undersigned for the scheduling conference, and will specifically be asked to report on the potential for settlement; whether settlement demands or offers have been exchanged, without revealing the content of any offers or demands; and, suitability for Alternative Dispute Resolution. This meeting is expected to result in the parties reaching agreement on the form and content of a joint proposed scheduling plan as described in paragraph 3 below.

Only <u>one</u> proposed scheduling plan may be submitted in any case, and it must be signed by

counsel for all parties.  It will be the responsibility of counsel for the plaintiff to actually submit the joint proposed scheduling plan to the Court.  If the parties cannot agree as to any matter required to be contained in the joint plan, the disagreement must be set out clearly in the joint proposal, and the Court will resolve the dispute at or shortly after the scheduling conference.

3.  **Joint Proposed Scheduling Plan**:  No later than **October 23, 2024**, counsel shall file with the Clerk of the Court a joint proposed scheduling plan.  **All dates required to be set forth in the plan shall be within the ranges set forth below for the applicable track:**

| **Track 1: Expedited** | **Track 2: Standard** | **Track 3: Complex** |
|---|---|---|
| *Disposition w/i 12 mos of filing | *Disposition w/i 18 mos of filing | *Disposition w/i 24 mos of filing |
| *120 days for discovery | *180-240 days from R16 Conf for discovery/dispositive motions | *240-360 days from R16 Conf for discovery/dispositive motions |

**The parties' joint proposed scheduling plan shall include:**

(a) whether the Track Assignment is appropriate; **NOTE: This case has been assigned to Track 2: Standard**;

(b) dates for joinder of additional parties or amendment of pleadings;

(c) a discovery plan including:

    (i) any agreed-upon provisions for disclosure or discovery of electronically stored information,

    (ii) any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production,

    (iii) a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1),

    (iv) whether discovery should be conducted in phases or limited to certain issues,

    (v) dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case,

    (vi) whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set

3

    forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules,

  (vii) whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed,

  (viii) a date by which all discovery will be completed **(see applicable track range, Section 3. above)**,

  (ix) any other matters pertinent to the completion of discovery in this case,

(d) the parties' positions concerning the referral of the action to mediation or early neutral evaluation, and when such a referral would be most productive as is;

(e) dates for filing any motions to dismiss or motions for summary judgment **(see applicable track range, Section 3. above)**;

(f) the earliest date by which this case should reasonably be expected to be ready for trial **(see applicable track range, Section 3. above)**;

(g) an estimate of the length of time expected to try the case to verdict; and

(h) any other matters counsel deem appropriate for inclusion in the joint proposed scheduling plan

 4. **Disclosure Statement**: Every nongovernmental corporate party, and every party in an action in which jurisdiction is based upon diversity under 28 U.S.C. § 1332(a), must file a Disclosure Statement provided by and available from the Clerk of Court pursuant to E.D.Mo. L.R. 2.09.

                 */s/ Noelle C. Collins*
                HON. NOELLE C. COLLINS
                UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of October, 2024.