IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

BRAD JACKSON,

      Plaintiff,

v.

CITY OF MAPLEWOOD, et Al.

      Defendants.

Case No: 4:24-cv-01207

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS[1]

Defendant City of Maplewood's Motion to Dismiss argues that Defendant Greenberg's action in authoring an allegedly false ethics complaint against Plaintiff Jackson, and then disseminating the very materials submitted by Jackson in response to that complaint were not the official policy of the City of Maplewood for the purposes of § 1983 liability.[2] Plaintiff urges that the allegations submitted are sufficient to allege a claim that the Mayor's complaint was a final policy decision made to retaliate against Plaintiff for constitutionally protected speech.

1. <u>The Maplewood City Charter and Maplewood City Council delegated to the mayor non-discretionary duties to open an ethics investigation upon receipt of a complaint, and to supervise that investigation.</u>

Pursuant to the Maplewood City Charter, the Mayor of Maplewood is delegated the power to "[s]ee that all laws, provisions of the Charter and acts of the council, *subject to enforcement by*

---

[1] The Court granted leave to file this Sur-Reply at the Rule 26 scheduling conference.
[2] Plaintiff concedes that Maplewood cannot be liable for intentional torts committed by Defendant Greenburg on the basis of respondeat superior.

*him* or by officers subject to his direction and supervision, are faithfully executed." Maplewood City Charter § 4.4(c). (Emphasis mine). The city council is composed of 7 members: the mayor, and six additional counsel members elected by qualified voters in their respective wards. Maplewood City Charter, § 3.2(a).

One such act of the council "subject to enforcement" by the Mayor includes that he "*will* (upon receipt [of an ethics complaint]) assemble an ethics review committee for investigation of a complaint" under Maplewood's ethics code. City of Maplewood Ethics Code ¶¶ 1.[3] (Emphasis mine). "Seeing" the ethics code enforced is a power whose exercise is explicitly delegated to the Mayor, and the commission is subject to his direction and supervision.

The ethics review committee is required to issue a "binding" recommendation after an impartial investigation where the accused is given an opportunity to respond to the allegations and present evidence. *Id.* at ¶ 4.

2. <u>The mayor has final policy making authority for the supervision and enforcement of the City of Maplewood Ethics Code.</u>

By expressly delegating to the Mayor (1) an affirmative, non-discretionary duty to conduct an ethics investigation; and (2) supervisory authority over the conduct of that investigation, the City Council expressly delegated to the Mayor final policy making authority over the City of Maplewood Ethics Code. "An action can constitute official municipal policy only if the decisionmaker in question possesses final authority to establish municipal policy with respect to the action ordered. To determine whether an official has final policymaking authority, this court

---

[3] Available at
https://cms7files1.revize.com/cityofmaplewoodmo/Document_center/Government/Board%20&%20Commissions/City%20of%20Maplewood%20Board%20and%20Commission%20Code%20of%20Ethics.pdf

"[r]eview[s] the relevant legal materials, including state and local positive law, as well as 'custom or usage' having the force of law." *Felts v. Green*, 91 F.4th 938, 942 (8th Cir. 2024).(Cleaned up).

In *Felts v. Green*, the Eighth Circuit held unambiguously that the president of the board of alderman in a Missouri constitutional charter city had final policy making authority in his "area of the city's business." *Felts* at 943. The court found that because the president of the board of alderman was the highest ranking official in St. Louis County police department, his actions in blocking the Plaintiff on Twitter was a sufficient basis for a finding of municipal liability pursuant to § 1983. *Id.* For the single act of blocking the Plaintiff on Twitter, the Court found liability for the County because '[a]n unconstitutional governmental policy can be inferred from a single decision taken by the highest official responsible for setting policy in that area of the government's business.' *Id.*[4]

The City of Maplewood Charter tracks the language of the Missouri Constitution, Section 19(a)[5], reserving for itself "all powers" the State of Missouri grants to any City, and any other power conferred any city by law. *Maplewood City Charter, § 2.1*. The Charter then vests "all powers of the city" in the council, *except as the Charter otherwise provides. Id.* at § 3.1. The City Charter then provides to the Mayor the power to "see that all laws…subject to enforcement by him…are faithfully executed." *Maplewood City Charter § 4.4(c)*. The ordinance at issue provides the mayor a non-discretionary duty to enforce, and pursuant to the mayor's enumerated powers in

---

[4] See also *Dean v. Cnty. of Gage*, 807 F.3d 931, 940-41 (8th Cir. 2015), *quoting Angarita*, 981 F.2d at 1546. *Cf. Stockley v. Joyce*, 963 F.3d 809, 823-24 (8th Cir. 2020) (holding that an individual charging decision by a prosecutor was not based on a guiding principle or procedure because it was "an individual charging decision based upon a particular set of facts supported by arguable probable cause.").

[5] *See also State ex inf. Hannah ex rel. Christ v. City of St. Charles*, 676 S.W.2d 508, 512 (Mo. Banc. 1984). (Holding that pursuant to Article VI, Section 19(a) of the Missouri Constitution "the municipality possesses all powers which are not limited or denied by the constitution, by statute, or by the charter itself.").

the City Charter, to see that the ethics complaint policy is "faithfully executed." City of Maplewood Ethics Code ¶¶ 1[6]; *see also* Maplewood City Charter § 4.4(c).

Plaintiff has alleged that the mayor created a false and unmerited ethics complaint, then represented that the complaint was written by someone else. The ethics complaint has been alleged to have been created in this way as retaliation for Plaintiff Jackson's support of the former mayor, and for a Facebook post discussing one of Defendant Bethel's employees. The mayor's decision "was a deliberate choice of a guiding principle and procedure to silence online critics." *Felts*, supra at 943.[7] (Cleaned up).

3. <u>The Mayor of Maplewood's initiation of an ethics investigation into Brad Jackson that was wholly unmerited and motivated by a desire to silence Jackson's online speech is a violation of Jackson's constitutional rights.</u>

For § 1983 liability to attach, the jury must find the decision of a final policymaker caused the constitutional deprivation. *Soltesz v. Rushmore Plaza Civic Ctr*., 847 F.3d 941, 948 (8th Cir. 2017). Plaintiff has alleged that the mayor's decision to use the Maplewood Ethics Code to file a complaint against Jackson was motivated by his desire to punish Jackson for online speech that was constitutionally protected. That allegation "raises his right to relief above the speculative level." *Cook v. George's, Inc.,* 952 F.3d 935, 938 (8th Cir. 2020).

To state a First Amendment retaliation claim, Jackson must show: (1) that he engaged in activity protected by the First Amendment; (2) that the Defendants took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse

---

[6] Available at
https://cms7files1.revize.com/cityofmaplewoodmo/Document_center/Government/Board%20&%20Commissions/City%20of%20Maplewood%20Board%20and%20Commission%20Code%20of%20Ethics.pdf

[7] *See also Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) , citing *Ware v. Jackson Cnty.* , 150 F.3d 873, 880 (8th Cir. 1998) (policy is "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters.").

action was motivated at least in part by Danielson's protected activity. *Bennie v. Munn*, 822 F.3d 392, 397 (8th Cir. 2016).

It does not appear to be disputed that Jackson's post about Bethel's employee was protected first amendment speech at this stage. The second element is objective: "the question is not whether the plaintiff himself was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done." *Scheffler v. Molin,* 743 F.3d 619, 621 (8th Cir. 2014) (cleaned up). The mayor's filing of an ethics complaint against an appointed member of a municipal government qualifies.

As to the third element, the other alleged conduct – including the mayor directing that police arrest or the prosecutor charge Jackson to intimidate him, and the allegation that the mayor is connected to an ongoing campaign of anonymous letters defamatory to Jackson – provides sufficient context for the court to infer a retaliatory animus. In *Danielson v. Huether*, a district court analyzed a similarly complex history involving a mayor and appointed official in the context of a motion to dismiss to infer a retaliatory animus sufficient to deny the motion. *Danielson v. Huether*, 355 F. Supp. 3d 849 (D.S.D. 2018).[8] **Respectfully submitted,**

       /s/ Joseph Ott
       Joseph A. Ott, #67889
       3544 Oxford Blvd
       Maplewood, MO 63143
       joe@ott.law
       *Attorneys for Plaintiff*

---

[8] ("Although this conduct alone might not seem intimidating, Huether had already allegedly assaulted Danielson back in April 2015 supposedly for criticizing him. Under these circumstances, a reasonable inference from the complaint is that Huether's conduct could deter a person of ordinary firmness from exercising his First Amendment rights.") *Danielson* at 866.