UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:24-cv-01207-NCC |
| ) | |
| v. ) | |
| ) | |
| CITY OF MAPLEWOOD, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ISAAC CHOSICH'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW Defendant Isaac Chosich ("Defendant") by and through undersigned counsel, and for his Memorandum in Support of his Motion to Dismiss, states as follows:

### INTRODUCTION

Plaintiff Brad Jackson ("Plaintiff") alleges counts against Defendant Chosich for Defamation (Count II), Tortious Interference (Count III), First Amendment Violation under § 1983 (Count IV), Fourteenth Amendment Violation under § 1983 (Count V), and Conspiracy under § 1983 (Count VI). Each count is inadequately pled. Counts IV, V, and VI lack any factual assertions whatsoever against Defendant Chosich. Therefore, all counts should be dismissed.

### LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss for "failure to state a claim upon which relief can be granted ...." To survive a motion to dismiss, a complaint must allege sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint

1

states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and not just a "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citing *Twombly*, 550 U.S. at 545). The plaintiff may not simply offer legal conclusions or a formulaic recitation of the elements of cause of action. *Id*. In conducting this review, the Court should disregard legal conclusions and any inferences that are unsupported by the facts set out in the complaint. *Id*. at 678; *Martin v. Wm. Wrigley Jr. Co.*, No. 4:17- cv-00541-NKL, 2017 U.S. Dist. LEXIS 175502, at *3 (W.D. Mo. Oct. 24, 2017).

I. **Plaintiff did not Adequately Plead Defamation and Count II Should be Dismissed.**

Plaintiff's Count II for defamation fails to meet the pleading standard. The first element that Plaintiff must plead is that there was a publication. *Castle Rock Remodeling*, 354 S.W.3d at 239. Plaintiff's Petition states that Defendant Chosich "began making false statements about Plaintiff Jackson." Pet. ¶ 27. This pleading does not assert that these statements were ever published. There is no indication whether these statements were spoken or written. There is no indication to whom these statements were made. Count II incorporates this lacking allegation and proceeds to recite the general elements of defamation. *Id*. at ¶¶ 44-49, 53-54. This does not meet the pleading standard set forth above.

"A complaint must set forth factual allegations which are enough to 'raise a right to relief above the speculative level.'" *King v. Union Station Holdings, LLC*, No. 4:12CV696SNLJ, 2012 WL 5351598, at *1 (E.D. Mo. Oct. 30, 2012) (quoting *Twombly*, 550 U.S. at 555). "However, where a court can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed." *Id*.

2

In *King*, the plaintiff's pleading alleged that the defendant publicly accused the plaintiff of illegal drug use, very similar to an alleged statement in this suit, and that the accusations were reported to her employer. *King*, 2012 WL 5351598, at *2. In that case, plaintiff's count for defamation only incorporated the allegations by reference, exactly what Plaintiff has done in his Petition. *Id.* The court held that the plaintiff's petition failed to meet Missouri's pleading standard under either libel or slander because the plaintiff simply incorporated by reference her prior allegations, and only asserted that the "aforementioned allegations were false and malicious and subjected Plaintiff to public humiliation and damage to reputation." *Id.* at *3.

Plaintiff's Petition for defamation only recites the mere elements of the cause of action and references vague "facts" similar to the plaintiff in *King*. Additionally, Plaintiff's Petition only states broad generalizations of the alleged statements, instead of the exact language used. Therefore, Plaintiff's Petition fails to adequately plead its count for defamation and Count II should be dismissed against Defendant Chosich.

    **II.**    **Count III for Tortious Interference Should be Dismissed Because the Underlying Defamation Claim Fails.**

"[W]here a tortious interference claim is based upon an alleged defamation, if a plaintiff's defamation claim fails, the tortious interference claim must also fail because the plaintiff cannot establish an absence of justification as a matter of law." *Creative Compounds, LLC*, 669 S.W.3d at 342. As shown above, Plaintiff has failed to adequately plead defamation against Defendant Chosich. Because the defamation claim fails, so too must the tortious interference claim as it is based on defamation. Pet. ¶ 58.

    **III.**    **Plaintiff's Petition Fails to Adequately Plead Tortious Interference.**

Plaintiff's Petition fails to adequately plead tortious interference because like Count II for defamation, Plaintiff only pleads a formulaic recitation of the elements of tortious interference.

3

*See* Pet. ¶¶ 55-65.[1] As stated above, Plaintiff may not simply offer conclusions or a formulaic recitation of the elements of cause of action. *Iqbal*, 556 U.S. at 677. "[T]he plaintiff must plead a valid business expectancy; 'it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with.'" *Creative Compounds, LLC*, 669 S.W.3d at 342.

Besides listing the elements, and presenting legal conclusions to each point, Plaintiff's Petition lacks any facts to support the elements of tortious interference. Crucially, Plaintiff claims that the broad defamatory statements made by Defendants Bethel, Chosich, Greenberg, and the City of Maplewood, all lumped together, over the course of nine years interfered with his business expectancies, "inducing their termination." Pet. ¶ 59. However, Plaintiff does not provide any facts as to what business relationships or expectancies he or his company had. He fails to identify which defamatory statements, and who made them or when, that interfered with any business relationships. He also fails to plead which of these relationships were terminated. Due to Plaintiff's inadequate pleading, Count III should be dismissed.

**IV.     Plaintiff's Petition Fails to Adequately Plead First Amendment and Fourteenth Amendment Violations Under § 1983.**

"To succeed on [a] § 1983 retaliation claim, [Plaintiff] must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." *Moon v. Boyd*, 1:23 CV 71 CDP, 2024 WL 1328254, at *8 (E.D. Mo. Mar. 28, 2024) (citing *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). In order for Plaintiff to succeed in a § 1983 action,

---

[1] Plaintiff's Petition does not indicate which form of tortious interference is being asserted, but based on the elements recited in the Petition, it is presumed that Plaintiff asserts a business relationship tortious interference claim.

4

Defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with [state] authority." *Id.* at *5 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The court must determine whether the conduct is "fairly attributable to the State." *Id.* (citation omitted). "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *West*, 487 U.S. at 49 (quotation marks omitted).

Plaintiff's Petition does not mention Defendant Chosich even one time in both Count IV and V. He does not plead that Defendant Chosich retaliated against Plaintiff at any time. Plaintiff does not state what adverse action Defendant Chosich took against him to "chill" him from any Constitutional right. Importantly, Plaintiff makes no attempt to plead how Defendant Chosich could be considered a state actor or have acted with the authority of the state. Because there are literally no facts pled in Count IV or V against Defendant Chosich, these counts should be dismissed.

## V. Plaintiff's Petition Fails to Adequately Plead Conspiracy to Commit a Violation of Plaintiff's First Amendment and Fourteenth Amendment Rights Under § 1983.

"To demonstrate the existence of a § 1983 conspiracy, Plaintiff must allege, among other things, a meeting of the minds among the conspirators 'sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights.'" *Moon*, 2024 WL 1328254, at *7 (quoting *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013). "Plaintiff can satisfy this burden by pointing to at least *some* facts which would suggest [the defendants] reached an understanding to violate [his] rights." *Id*. (emphasis

5

added) (quotation marks omitted). "It is not enough to state that defendants "reached an agreement." *Id.* at *8.

In *Moon v. Boyd*, the plaintiff alleged a conspiracy to deprive him of his First Amendment rights in retaliation for his filing of complaints and lawsuits against various Deputy US Marshalls, jail administrators, jailers and other parties. *Id.* at *3. The court determined that his pleading failed to adequately plead a conspiracy because he provided no facts linking the defendants to overt acts and failed to plead that they reached any agreement with the purpose to deprive the plaintiff of any Constitutional rights. *Id*. at *8.

Here, Plaintiff pleads no facts of any overt act Defendant Chosich took towards a conspiracy and no facts indicating there was any meeting of the minds or agreement between the parties to deprive Plaintiff of any Constitutional rights. The only fact plead even remotely related to this Count states that when Defendant Chosich received a file with "evidence," he posted it on his Facebook page. Pet. ¶ 26. This does not indicate any agreement with other defendants or any state actor to do this. It does not indicate that he did this in retaliation for any action of Plaintiff. This count should be dismissed as it pleads no facts to show Defendant Chosich was involved in a conspiracy.

## CONCLUSION

For the forgoing reasons, all counts against Defendant Chosich should be dismissed as each count fails to properly plead the cause of action.

                Respectfully submitted,

                **GARLAND LAW, P.C.**

                */s/ Michael D. Garland*
                Michael D. Garland, #74663(MO)
                101 W. Argonne Ave. #202

> Kirkwood, MO 63122
> Tel: 314-332-6228
> Email: michael@garlandlawpc.com
>
> **Attorney for Defendant Kath Bethel**

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November 2024, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

> /s/ Michael D. Garland