UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:24-cv-01207-NCC |
| ) | |
| v. ) | |
| ) | |
| CITY OF MAPLEWOOD, et al. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KATE BETHEL'S MEMORANDUM IN SUPPORT
OF HER MOTION TO DISMISS**

COMES NOW Defendant Kate Bethel ("Defendant") by and through undersigned counsel, and for her Memorandum in Support of her Motion to Dismiss, states as follows:

**INTRODUCTION**

Plaintiff Brad Jackson ("Plaintiff") alleges counts for Defamation (Count II), Tortious Interference (Count III), First Amendment Violation under § 1983 (Count IV), Fourteenth Amendment Violation under § 1983 (Count V), and Conspiracy under § 1983 (Count VI) against Defendant Bethel. All counts should be dismissed because each is inadequately pled or fails to meet each element of the cause of action.

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss for "failure to state a claim upon which relief can be granted ...." To survive a motion to dismiss, a complaint must allege sufficient facts that, if taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "Determining whether a complaint

states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and not just a "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78 (citing *Twombly*, 550 U.S. at 545). The plaintiff may not simply offer legal conclusions or a formulaic recitation of the elements of cause of action. *Id*. In conducting this review, the Court should disregard legal conclusions and any inferences that are unsupported by the facts set out in the complaint. *Id*. at 678; *Martin v. Wm. Wrigley Jr. Co.*, No. 4:17- cv-00541-NKL, 2017 U.S. Dist. LEXIS 175502, at *3 (W.D. Mo. Oct. 24, 2017).

## I. Plaintiff did not Adequately Plead Defamation and Count II Should be Dismissed.

Plaintiff's Count II for defamation fails to meet the pleading standard. The first element that Plaintiff must plead is that there was a publication. *Castle Rock Remodeling*, 354 S.W.3d at 239. Plaintiff's Petition states that "from approximately 2015 to the present, Defendant Bethel has made false statements about Plaintiff Jackson to various third parties in Maplewood." Pet. ¶ 9. This pleading gives a nine-year window as to when these statements were "published" to unnamed "various third-parties." There is no indication whether these statements were spoken or written. There is no indication to whom these statements were published. Count II incorporates this statement and proceeds to recite the general elements of defamation. *Id*. at ¶¶ 44-49, 53-54. This does not meet the pleading standard requiring more than the elements of the cause of action.

"A complaint must set forth factual allegations which are enough to 'raise a right to relief above the speculative level.'" *King v. Union Station Holdings, LLC*, No. 4:12CV696SNLJ, 2012 WL 5351598, at *1 (E.D. Mo. Oct. 30, 2012) (quoting *Twombly*, 550 U.S. at 555). "However,

where a court can infer from those factual allegations no more than a 'mere possibility of misconduct,' the complaint must be dismissed." *Id*.

In *King*, the plaintiff's pleading alleged that the defendant publicly accused the plaintiff of illegal activity, very similar to an alleged statement in this suit, and that the accusations were reported to her employer. *King*, 2012 WL 5351598, at *2. In that case, plaintiff's count for defamation only incorporated the allegations by reference, exactly what Plaintiff has done in his Petition. *Id*. The court held that the plaintiff's petition failed to meet Missouri's pleading standard under either libel or slander because the plaintiff simply incorporated by reference her prior allegations, and only asserted that the "aforementioned allegations were false and malicious and subjected Plaintiff to public humiliation and damage to reputation." *Id*. at *3.

Additionally, in a defamation case based on libel, a plaintiff is required to make his allegations *in haec verba*, or in the exact words alleged to be defamatory. *Lorenz v. Towntalk Pub. Co.*, 261 S.W.2d 952 (Mo. 1953) ("It is said that the great weight of authority supports the view that the words used must be reproduced verbatim. . . . It is also said that in libel the defamatory words must be set forth *in haec verba* . . ."); *Creative Compounds, LLC v. ThermoLife Int'l, LLC*, 669 S.W.3d 330, 339 (Mo. App. E.D. 2023) ("To state a cause of action for libel, a plaintiff must make his allegations ... *in the exact words alleged to be defamatory*.")

Though Plaintiff does not expressly state whether the statements constituted libel or slander, all statements alleged likely refer to posts on social media through Facebook. As such, this defamation case is based on libel. In *Creative Compounds, LLC*, the court determined that because the Petition "fails to reproduce the alleged defamatory statements or attach the letters or emails allegedly sent to its customers," failing to set out the words published, the court could not determine whether the statements were actionable. *Id*. at 338.

Plaintiff's Petition for defamation only recites the mere elements of the cause of action and references vague "facts" similar to the plaintiff in *King*. Additionally, like the plaintiff in *Creative Compounds, LLC*, Plaintiff's Petition only states broad generalizations of the alleged statements, instead of the exact language used. Therefore, Plaintiff's Petition fails to adequately plead its count for defamation and Count II should be dismissed against Defendant Bethel.

## II. Count III for Tortious Interference Should be Dismissed Because the Underlying Defamation Claim Fails.

"[W]here a tortious interference claim is based upon an alleged defamation, if a plaintiff's defamation claim fails, the tortious interference claim must also fail because the plaintiff cannot establish an absence of justification as a matter of law." *Creative Compounds, LLC*, 669 S.W.3d at 342. As shown above, Plaintiff has failed to adequately plead defamation against Defendant Bethel. Because the defamation claim fails, so too must the tortious interference claim as it is based on defamation. Pet. ¶ 58.

## III. Plaintiff's Petition Fails to Adequately Plead Tortious Interference.

Plaintiff's Petition fails to adequately plead tortious interference because like Count II for defamation, Plaintiff only pleads a formulaic recitation of the elements of tortious interference. *See* Pet. ¶¶ 55-65.[1] As stated above, Plaintiff may not simply offer conclusions or a formulaic recitation of the elements of cause of action. *Iqbal*, 556 U.S. at 677. "[T]he plaintiff must plead a valid business expectancy; 'it is necessary to determine if the expectancy claimed was reasonable and valid under the circumstances alleged. If it is not, there was nothing for defendants to have interfered with.'" *Creative Compounds, LLC*, 669 S.W.3d at 342.

---

[1] Plaintiff's Petition does not indicate which form of tortious interference is being asserted, but based on the elements recited in the Petition, it is presumed that Plaintiff asserts a business relationship tortious interference claim.

Besides listing the elements, and presenting legal conclusions to each point, Plaintiff's Petition lacks any facts to support the elements of tortious interference. Crucially, Plaintiff claims that the broad defamatory statements made by Defendants Bethel, Chosich, Greenberg, and the City of Maplewood, all lumped together, over the course of nine years interfered with his business expectancies, "inducing their termination." Pet. ¶ 59. However, Plaintiff does not provide any facts as to what business relationships or expectancies he or his company had. He fails to identify which defamatory statements, and who made them or when, that interfered with any business relationships. He also fails to plead which of these relationships were terminated. Due to Plaintiff's inadequate pleading, Count III should be dismissed.

### IV. Plaintiff's Petition Fails to Adequately Plead First Amendment and Fourteenth Amendment Violations Under § 1983.

"To succeed on [a] § 1983 retaliation claim, [Plaintiff] must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." *Moon v. Boyd*, 1:23 CV 71 CDP, 2024 WL 1328254, at *8 (E.D. Mo. Mar. 28, 2024) (citing *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). In order for Plaintiff to succeed in a § 1983 action, Defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with [state] authority." *Id.* at *5 (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The court must determine whether the conduct is "fairly attributable to the State." *Id.* (citation omitted). "To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *West*, 487 U.S. at 49 (quotation marks omitted).

5

Plaintiff's allegations state that Defendant Bethel filed an ethics complaint, Plaintiff's "evidence" folder was leaked, and the City of Maplewood ultimately determined it would refrain from a decision. Pet. ¶¶ 19, 24, 28. Plaintiff then filed his own ethics complaint, which was heard by the City of Maplewood's committee on June 20, 2024. Pet. ¶ 31. It was Defendant Bethel's right to an ethics hearing that was interfered with, <u>not Plaintiff's</u>. Plaintiff has failed to plead that he was engaged in any protected activity or that Defendant took any adverse actions to interfere with Plaintiff's protected activity.

As stated above, in order to properly plead a violation under § 1983, Plaintiff must state facts asserting Defendant Bethel retaliated against Plaintiff for a protected activity. Though Plaintiff states on several occasions that, "[u]pon reasonable information and belief, Defendant Greenberg sought retaliation against Plaintiff Jackson, because he was a political supporter of Greenberg's opponent," he fails to ever plead that Defendant Bethel retaliated against him in any way. Pet. ¶¶ 30(d), 70, 80.

Lastly, Plaintiff makes no attempt to plead how Defendant Bethel, a private citizen, could be considered a state actor or have acted with the authority of the State. In *Moon v. Boyd*, the plaintiff sued two Deputy U.S. Marshalls in their individual capacity along with 17 other defendants including a jail administrator, a jail nurse, county sheriffs, and other jailers also all in their individual capacity. *Moon*, 2024 WL 1328254, at *3. The plaintiff alleged that the two Deputy U.S. Marshalls were state actors because they agreed to retaliate against him with other state actors. *Id*. at *5. The court determined that they were not state actors because no state actor directed their conduct, nor did they act under State authority. *Id*. at *6. Even taking Plaintiff's Petition as true, allowing Defendant Greenberg, whether in his individual capacity or that of Mayor, to author an

ethics complaint does not qualify as being directed by a state actor or acting under State authority. Therefore, Plaintiff's Counts IV and V should be dismissed.

V. **Plaintiff's Petition Fails to Adequately Plead Conspiracy to Commit a Violation of Plaintiff's First Amendment and Fourteenth Amendment Rights Under § 1983.**

"To demonstrate the existence of a § 1983 conspiracy, Plaintiff must allege, among other things, a meeting of the minds among the conspirators 'sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights.'" *Moon*, 2024 WL 1328254, at *7 (quoting *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013). "Plaintiff can satisfy this burden by pointing to at least *some* facts which would suggest [the defendants] reached an understanding to violate [his] rights." *Id*. (emphasis added) (quotation marks omitted). "It is not enough to state that defendants "reached an agreement." *Id*. at *8.

Like Plaintiff's prior counts, Count VI merely consists of a recitation of the elements required for a conspiracy. Even incorporating the rest of the Petition, Plaintiff fails to plead a meeting of the minds to violate his Constitutional rights under § 1983. Plaintiff asserts that there was a meeting of the minds "in conducting their smear campaign against Plaintiff Jackson." Pet. ¶ 91. However, what Plaintiff means by "smear campaign" is unclear. His Petition claims that Defendant Bethel had been making defamatory statements since 2015. Pet. ¶ 9. Certainly, there was no meeting of the minds pled relating back to 2015.

If this "smear campaign" refers to the ethics complaint only, Plaintiff has failed to plead any intent on the part of Defendant Bethel to deprive him of constitutionally guaranteed rights. As stated above, the only party Plaintiff asserts intended to remove Plaintiff from his appointed position, or sought retaliation against Plaintiff is Defendant Greenberg. Pet. ¶ 30(b), (d). The

7

plaintiff in *Moon v. Boyd* provided no facts linking the defendants to overt acts and failed to plead that they reached any agreement with the purpose to deprive the plaintiff of any Constitutional rights. *Id*. at *8. That court determined the plaintiff had inadequately pled a count for conspiracy. Because Plaintiff's claim is only a bare recitation of the elements, like the plaintiff in *Moon*, and because fails to plead any intent on the part of Defendant Bethel to deprive him of any rights, this court should dismiss this claim.

## CONCLUSION

For the forgoing reasons, all counts against Defendant Bethel should be dismissed as each count fails to properly plead the cause of action.

Respectfully submitted,

**GARLAND LAW, P.C.**

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Defendant Kath Bethel***

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November 2024, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

*/s/ Michael D. Garland*
