IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BRAD JACKSON<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MAPLEWOOD, et Al.<br><br>    Defendant. | Case No. 4:24-cv-01207 |

### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM IN OPPOSITION TO DEFENDANTS CHOSICH AND BETHEL'S MOTION TO DISMISS

COMES NOW Plaintiff Brad Jackson, by and through his undersigned attorney, and for his Motion for Leave to File First Amended Complaint, says as follows:

1. Plaintiff Jackson has drafted a proposed First Amended Complaint to address the arguments raised by counsel for Defendant City of Maplewood as well as by counsel for Defendant Chosich and Defendant Bethel in their respective Motions to Dismiss. Plaintiff attaches a dirty copy showing proposed changes with redline as Exhibit 1, and a clean copy of the same as Exhibit 2 as required by the Missouri Eastern District Local Rules.

2. The arguments of Bethel and Chosich in their Motions to Dismiss center around the notion that Plaintiff has improperly pled the causes of action asserted. Bethel has already filed an Answer, and so cannot raise the argument in Motion to Dismiss.

3. A Rule 12(b)(6) motion to dismiss cannot be filed after a party has answered the complaint. *See* Fed.R.Civ.P. 12(b) (A motion under Rule 12(b) "must be made before pleading if responsive pleading is allowed."); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.1990) ("Technically, however, a Rule 12(b)(6) motion cannot be filed after an answer has been submitted." (citing Fed.R.Civ.P. 12(b))). In *State Farm Fire and Cas. Co. v. Spradling Home Inspections, LLC*, 2011 WL 4056042 (E.D. Mo. 2011), Defendants answered the complaint on the same day on which they filed their motion to dismiss. However, Defendants' answer was entered and docketed before their 12(b)(6) motion to dismiss. The court held that since Defendants answered the complaint, they could technically no longer file a 12(b)(6) motion to dismiss. Likewise, Defendant Bethel filed her answer to Plaintiff's Complaint on September 11, 2024. *See* Docket Entry # 15. She then filed her motion to dismiss 71 days later. *See* Docket Entry # 39. Therefore, since Defendant Bethel answered her complaint, she can no longer file a 12(b)(6) motion to dismiss.

4. Nevertheless, Plaintiff believes it serves the interest of judicial economy to file a more targeted and context specific First Amended Complaint.

5. A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998).

6. A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Id.* "The court should freely grant leave when justice so requires." Rule 15(a)(3).

7. Plaintiff Jackson avers that his request to file this First Amended Complaint is timely. In particular, this Court's scheduling order does not place an affirmative deadline on seeking leave to file an Amended Complaint. [Doc. 33]. And the deadline for initial disclosures – December 27 – is not impacted by the proposed amendment, which merely adds depth, context and specificity to the allegations made. As such, he is not required to show good cause to allow the amendment under Rule 16(b), as would be the case if the motion was untimely. See, e.g., *Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir.2008).

8. Even if Plaintiff were required to aver good cause, he certainly has it here. Plaintiff filed his initial petition on July 31, 2024. At that time, there was still pending with the City of Maplewood Council Ethics Committee Jackson's ethics complaint against Defendant Greenberg concerning his retaliatory dissemination of information. Plaintiff has cautiously waited to see what decision the Maplewood Ethics Committee would make regarding his complaint against the mayor, but can do so no longer without jeopardizing the Court's previously entered scheduling order.

9. Now, more than 5 months after Jackson filed a complaint with the Council Ethics Committee, the Committee *still* has not issued any ruling. The Council has not done so, despite explicit representations to Jackson in late July that a ruling was imminent, because is in a bind. If the Council Ethics Committee issues an order that Greenberg was at fault in filing the ethics complaint, it is possibly a binding judicial admission that Greenberg acted in a manner that adversely impacted Plaintiff Jackson's constitutional rights. If the Committee does not find any violation, then they have effectively ratified Defendant Greenberg's conduct. In either case, the decision would establish a policy for the purposes of the *Monell* analysis Defendant City of Maplewood has so urgently briefed does not exist in their Motions.

10. Defendant City of Maplewood's refusal to answer the complaint against the mayor at this stage is tantamount to an affirmation that the Mayor's conduct was condoned by an explicit policy of the City of Maplewood.

11. Plaintiff has also segmented out the exact statements made by Defendant Chosich and Defendant Bethel Plaintiff believes are actionable.

WHEREFORE, Plaintiff prays the Court grant Plaintiff leave to file his First Amended Complaint, and for such further relief as may be just and proper under the premises.

Respectfully submitted,

**OTT LAW FIRM, LLC**

BY:   */s/ Joseph Ott*
Joseph A. Ott     #67889
Mark E. Blankenship, #73123
3544 Oxford Avenue
Maplewood, Missouri 63143
Telephone: (314) 293-3756
Facsimile: (314) 689-0080
Email: joe@ott.law

*Attorneys for Plaintiff*