## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON, | |
| Plaintiff, | Case No. 4:24-cv-01207-NCC |
| vs. | |
| CITY OF MAPLEWOOD, et al. | |
| Defendants. | **JURY TRIAL DEMANDED** |

### DEFENDANT CITY OF MAPLEWOOD'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE AND, IN THE ALTERNATIVE, MOTION TO STAY DISCOVERY

COMES NOW Defendant City of Maplewood ("City"), by and through undersigned counsel, and for its Memorandum in Opposition to Plaintiff's Motion for Leave or, in the Alternative, Motion to Stay Discovery, states as follows:

1. Plaintiff recently filed his Motion for Leave to File his First Amended Complaint. (Doc. 42). Defendant City objects to and opposes this request given that it has a fully briefed Motion to Dismiss pending. Recognizing the low bar for Plaintiff being able to amend his pleadings at this time, however, Defendant City respectfully requests that this Court stay discovery as to Defendant City until Plaintiff has been found to state a cause of action against Defendant City upon which relief may be granted.

2. In support of this Motion, Defendant City asks that this Court take note of Plaintiff's body of work in this matter to date. After removal, Defendant filed a Motion to Dismiss (Doc. 13) and Memorandum of Law in Support (Doc. 14) on 9/11/24. Defendant pointed out obvious legal deficiencies in Plaintiff's Complaint. Plaintiff responded on 10/2/24. (Doc. 21). Defendant's

Reply was filed on 10/9/24. (Doc. 25). After being granted leave to do so, Plaintiff filed a Surreply on 11/8/24 (Doc. 34) to which Defendant City responded on 11/20/24. (Doc. 37).

3. After dragging out the process of briefing the Motion to Dismiss, Plaintiff now seeks to avoid an adverse ruling on the Motion to Dismiss by moving for leave to amend. Plaintiff's original Complaint contained causes of action and legal theories that were clearly not supported in law. Plaintiff's proposed First Amended Complaint also contains claims that are plainly barred by existing law.

4. Just as Plaintiff should have understood before filing the original Petition, Plaintiff's counsel is held to verify that the theories alleged in the First Amended Complaint are indeed supported in law.

5. Should leave be granted, Defendant will then be tasked with another cycle of filing for dismissal of Plaintiff's claims. At the same time, Defendant City is required under the Case Management Order to serve Rule 26(a)(1) Initial Disclosures by 12/27/24. (Doc. 33).

6. Defendant City will be filing another Motion to Dismiss if Plaintiff is granted leave to file his First Amended Complaint. Defendant City should not have to undertake discovery, including the exchange of initial disclosures and the work and expense associated with it, under the circumstances and until this Court is given the chance to determine whether Plaintiff has stated any viable cause of action against Defendant City.

7. Accordingly, in the event leave is granted for Plaintiff to file his First Amended Complaint, Defendant City respectfully requests that Defendant City's deadline to exchange Initial Disclosures be stayed until the Court has time to rule on any forthcoming Motion to Dismiss filed by Defendant City.

WHEREFORE, Defendant City of Maplewood respectfully requests that this Court deny Plaintiff's Motion for Leave (Doc. 42) or, in the alternative, enter an Order staying discovery as to Defendant City of Maplewood until after such time as any FRCP 12(b)(6) Motions to Dismiss filed by Defendant have been ruled on by this Court, and for any other and further relief that this Court deems just and proper under the circumstances.

REICHARDT NOCE & YOUNG LLC

*/s/ Timothy J. Reichardt*
Timothy J. Reichardt    #57684MO
tjr@rnylaw.com
Daniel T. Mooney    #70256MO
dtm@rnylaw.com
12444 Powerscourt Drive, Suite 160
St. Louis, MO  63131
314/789-1199
314/754-9795 – Facsimile
*Attorneys for Defendant City of Maplewood*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th[th] day of December 2024, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

*/s/ Timothy J. Reichardt*