UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRAD JACKSON,

               Plaintiff,

vs.

CITY OF MAPLEWOOD, et al.

               Defendants.

Case No. 4:24-cv-01207-NCC

**JURY TRIAL DEMANDED**

<u>**DEFENDANT CITY OF MAPLEWOOD'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

COMES NOW Defendant City of Maplewood ("City"), by and through undersigned counsel, and for its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, states as follows:

**I.      INTRODUCTION**

Plaintiff has again put confusing theories before this Court in a strained attempt to keep the City in this lawsuit. Plaintiff's First Amended Complaint offers two counts against Defendant City: Count I (First Amendment Retaliation) and Count X (§ 1985 Civil Conspiracy). In addition to allegations surrounding the ethics complaint against Plaintiff and Plaintiff's arrest, Plaintiff now alleges that the Ethics Committee's failure to render a decision on whether Greenberg violated the Code of Ethics (i.e. on Plaintiff's ethics complaint against Defendant (and Mayor) Barry Greenberg ("Greenberg")) has dispositive legal consequences in this lawsuit and yields liability to the City. See <u>Doc. 42-2</u>, p. 11-12. A constellation of suggestions as to how Greenberg's conduct might yield *Monell* liability are made throughout the pleading. Plaintiff's conclusions and suggestions, however, are self-defeating and show that the City cannot not be held liable under

*Monell* for the matters alleged. Accordingly, Plaintiff again fails to state a viable cause of action against the City of Maplewood and his claims against Defendant City should be dismissed.

## II. ARGUMENT

### A. Count I (for First Amendment Retaliation under 42 U.S.C. §1983)) fails to state a viable cause of action against Defendant City.

"[A] local government is liable under § 1983 for its policies that cause constitutional torts. These policies may be set by the government's lawmakers, 'or by those whose edicts or acts may fairly be said to represent official policy.'" *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784 (1997), *quoting Monell*, 436 U.S. at 694. "Municipal liability may be imposed for a single decision by municipal policymakers who possess final authority to establish municipal policy **with respect to the action ordered.**" *Hamilton v. City of Hayti*, 948 F.3d 921, 929 (8th Cir. 2020), quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986) (emphasis added). "[T]he challenged action must have been taken pursuant to a policy adopted by the official or officials responsible under state law for making policy in that area of the city's business." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Plaintiff must establish that a municipal policy was "the 'moving force [behind] the constitutional violation.'" *Mettler*, 165 F.3d at 1204 (quoting *Monell*, 436 U.S. at 694). To constitute a "moving force," the municipality's conduct must be deliberate, and "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (U.S. (Tex.), 1997).

"Municipal liability under § 1983 attaches where - and only where - a deliberate choice to follow a course of action is made from among various alternatives by the official or officials

responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483. It is a question of law for the Court to decide whether the facts alleged amount to a municipal policymaker setting policy on a matter within his authority to set policy. *See Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013); *see also Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) ("Reviewing the relevant legal materials, including state and local positive law, as well as 'custom or usage having the force of law', the trial judgment must identify those officials… who speak with final policymaking authority… concerning the action alleged to have caused the particular constitutional… violation at issue.").

Count I of the Amended Complaint purports to state a claim for First Amendment retaliation against Greenberg and the City. In it, Plaintiff asserts that he engaged in protected speech by making a Facebook post (id., ¶ 64) and that Greenberg retaliated against him by authoring an ethics complaint against him (id., ¶ 66), violating his First Amendment Rights. Plaintiff asserts that Greenberg's actions are tantamount to the actions of the Council through a "ratification" theory. Plaintiff also asserts that the City retaliated against him by causing his arrest for an expired license plate tag. However, as discussed herein, the facts alleged simply cannot be distorted into demonstrating (1) the existence of a City Policy, (2) the actions of a final policymaker, (3) or that any policy of the City is the direct cause of the purported violation of Plaintiff's constitutional rights. Plaintiff's claims and allegations pertaining to the basis for *Monell* liability are imprecise, circular, and confusing. Plaintiff must not be allowed to rest on sloppy pleading to twist the issue of what constitutes City policy for which the City may be held liable under *Monell*.

1. **Greenberg's filing of an ethics complaint against Plaintiff does not, as a matter of law, amount to City policy or the actions of a final policymaker.**

Plaintiff asserts that Greenberg authored an ethics complaint against Plaintiff for Defendant

3

Kate Bethel ("Bethel") to sign and submit, and that Greenberg falsely represented to the Ethics Committee that Bethel wrote the complaint. Id., ¶ 50.[1] Plaintiff alleges that the ethics complaint against him was in retaliation for his exercise of First Amendment speech; namely, that Plaintiff made a September 8, 2023 online posting accusing another local man of grooming and sexually assaulting a number of young musicians. Id., ¶ 43, 64. Plaintiff alleges that Greenberg did this to punish Plaintiff for his support of Greenberg's political opponent and because Plaintiff made an ethics complaint against a political ally of Greenberg's. Id., ¶¶ 48-49. Though his pleading is far from clear, Plaintiff appears to assert that the City may be held responsible for Greenberg's alleged actions on two grounds: first, that the City Council "ratified" Greenberg's actions; or, second, that Greenberg's conduct was that of a "final policymaker" of the City.

Plaintiff's "ratification" theory can be summarized as follows: Plaintiff alleges that following the conclusion of the ethics investigation on Greenberg's complaint against him, Plaintiff made his own ethics complaint against Greenberg on June 4, 2024. Id., ¶ 57. Plaintiff asserts that in the complaint, he alleged that Greenberg had interfered with City functions and had undertaken actions "[c]ausing citizens or employees to be threatened, badgered, harassed, and the like in such a manner as to the convey the impression that such conduct is the action of the city council or an elected official". Id., ¶ 57. Plaintiff asserts that the Council heard evidence on his complaint against Greenberg but has "intentionally not yet ruled" on the complaint. Id., ¶¶ 59-60. Plaintiff claims that the "City Council must be presumed to have adopted the position that Defendant Greenberg's actions were consistent with the policy of the City of Maplewood," and that "[b]y failing to disavow the actions of Jackson, the Maplewood City Council has ratified the

---

[1] Plaintiff acknowledges that a complaint under the Code of Ethics can be filed by anyone. Id., ¶ 15.

policy and practice of Defendant Greenberg in utilizing the ethics complaint process as a bludgeon against the exercise of protected first amendment rights." Id., ¶¶ 60, 68.  Yet, Plaintiff alleges that the very complaint which Plaintiff claims was retaliatory was dismissed by the Ethics Review Committee which was reviewing it.  Id., ¶ 56.

Furthermore, the ethics complaint that Plaintiff made against Greenberg in no way implicates Plaintiff's constitutional rights.  Plaintiff admits that in his ethics complaint, he alleged that Greenberg violated the City's Code of Ethics; indeed, the only issue that the Council could be determining in reviewing Greenberg's conduct is whether Greenberg violated the Code of Ethics. Id., ¶ 57.  Thus, the fact that no determination has been made on the complaint does not, in any manner, "ratify" any purported unconstitutional conduct of Greenberg.  Next, by asserting that the Council "ratified" Greenberg's action after the fact, Plaintiff defeats his own claim; a later "ratification" could not amount to a "moving force [behind] the constitutional violation." *Mettler*, 165 F.3d at 1204 (quoting *Monell*, 436 U.S. at 694); *Board of County Com'rs of Bryan County, Okl.*, 520 U.S. at 404.  Ultimately, Plaintiff's suggestion regarding ratification is simply an inapplicable theory in this case.  See Restatement (Third) of Agency, §4.03 (2006)("A person may ratify an act if the actor acted or purported to act as an agent on the person's behalf.").

Plaintiff's assertion that Greenberg's conduct amounted to that of a policymaker likewise fails.  Although Plaintiff's argument is far from clear, it appears that Plaintiff is claiming with respect to Bethel's complaint against Plaintiff, Greenberg was acting as a final policymaker of the City.  *See* Doc. 42-2, ¶68.  This is nonsensical.  First and foremost, **the Ethics Committee dismissed the complaint.**  Moreover, Plaintiff's own First Amended Complaint alleges that: Greenberg misrepresented authorship of the complaint to the Ethics Committee;  the Ethics Committee directed Greenberg to abstain from the process;  Plaintiff submitted materials to the

5

Ethics Committee on 5/9/24; Greenberg interfered in the process and released the materials to Bethel; Bethel forwarded those materials to Chosich, Chosich posted those materials online on 5/10/24; and, the Ethics Committee dismissed the ethics complaint against Plaintiff on 5/10/24. Id., ¶¶ 50, 53-56.  Even if Greenberg were a final policymaker (which he is not), these are not the types of actions that could yield liability against the City of Maplewood under *Pembaur*.  These are allegations of independent action rather than Greenburg's setting of City policy.  Contrary to Plaintiff's suggestion, no City policy may be inferred from these facts alleged.

Moreover, Greenberg simply is not a final policymaker of the City.  "Whether a particular official has 'final policymaking authority' is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).  Here, Maplewood is a charter city, and the City Charter places final policymaking authority for the City in the hands of its council.  See City of Maplewood Charter, § 3.1. [2]  Ultimately, the City of Maplewood may only be found liable for the deliberate unconstitutional action of its *council* as a matter of law.

Nevertheless, Plaintiff again attempts to construe the Ethics Code as granting Greenberg some policymaking authority "over the Maplewood Ethics Committee" but, as before, Defendant City invites the Court to review the Code of Ethics[3] and compare it with Plaintiff's allegations in paragraph 69 of the First Amended Complaint.  (Doc. 34, fn. 3; Doc. 42-2, ¶ 69).  The Code of Ethics provides that an ethics complaint should be submitted to the Mayor, and that the Mayor will assemble an ethics review committee for investigation of the complaint. (See Doc. 34, fn. 3, Code of Ethics, Compliance and Enforcement, ¶ 1).  The composition of the ethics review committee is

---

[2] It is appropriate for the Court to take judicial notice of the City Charter. *Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017) ("[M]atters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice.") (citation omitted).

[3] See Doc. 34 (Plaintiff's Surreply in Opposition to Motion to Dismiss), footnote 3, whereby Plaintiff made the Code of Ethics part of the record.

pre-determined (not selected by the Mayor) and consists of the senior councilmember from each ward. (See *id.* at ¶ 2). And, the ethics review committee is "responsible for overseeing compliance with this Code of Ethics," for initiating an impartial investigation, and for issuing a recommendation for action on the complaint. (*Id*. at ¶¶2-4). In other words, if a complaint is made, the Mayor has only a ministerial duty of accepting and forwarding it to the ethics committee.

In summary, Plaintiff has failed to assert a *Monell* claim against the City for Greenberg's alleged retaliatory conduct of causing an ethics complaint to be filed against him. Likewise, no rights or duties stem from the course of proceedings by the Ethics Committee as to the ethics complaint that Plaintiff filed against Greenberg. Count I should be dismissed.

2. **Plaintiff has failed to articulate the elements required to demonstrate that his June 21, 2024 stop and arrest violated his constitutional rights and, moreover, has failed to allege any policy of the City was responsible for any such violation.**

Plaintiff claims that he was stopped and arrested in retaliation for his exercise of First Amendment rights on June 21, 2024. It is unclear how exactly Plaintiff claims that this order was made and whether it was the result of an unconstitutional policy or order of a final policymaker. Plaintiff's failure to specify the basis for this *Monell* claim indicates that dismissal is proper. Regardless, the pleadings in this case directly indicate that Plaintiff's retaliatory arrest claim undoubtedly fails because Plaintiff had a warrant out for his arrest at the time of the stop and arrest at issue.

To prevail on his retaliatory arrest claim, Plaintiff must demonstrate that he was arrested in retaliation for a protected speech activity. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006); *see also Waters v. Madson*, 921 F.3d 725 (8th Cir. 2019). Plaintiff's claim requires a four-part showing that: 1) he engaged in a protected activity; 2) the City took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; 3) the adverse action was

motivated at least in part by his exercise of the protected activity; and 4) lack of probable cause or arguable probable cause. *Hoyland v. McMenomy*, 869 F.3d 644, 655 (8th Cir. 2017).  Under the third prong, a plaintiff must show that the retaliatory motive was a "substantial factor" or "but-for cause" of the adverse action. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010). In other words, the plaintiff must show she was "singled out because of his exercise of constitutional rights." *Id*. (internal citation omitted).

In *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) the US Supreme Court held that, absent a showing that there was no probable cause for an arrest, a claim that an arrest was in retaliation for protected speech fails.  As the Court explained, if an officer has probable cause, then even the presence of a retaliatory motive is irrelevant unless the plaintiff presents "objective evidence that he was arrested when otherwise similarly situated individuals engaged in the same sort of protected speech had not been." *Id*. at 1727.

Here, Plaintiff does not allege that the officer pulling him over did not have probable cause for the stop.  To the contrary, Plaintiff does not allege that he did not have expired tags at the time he was stopped.  (Doc. 42-2, ¶ 62).  Likewise, Plaintiff does not allege that the officer did not have probable cause to arrest him, as is required to state a claim. Even if he had made this allegation, Plaintiff has already admitted that there was a warrant out for his arrest at the time he was pulled over and arrested. (Complaint, ¶ 32).  Accordingly, Plaintiff has no viable First Amendment retaliation claim in this regard. *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019). As there has been no underlying constitutional violation, there can be no *Monell* violation.  Accordingly, the Court should dismiss Count I of the Amended Complaint.

**B.** **Count X fails for the same reasons that Count I fails, as well as because the City cannot be deemed to conspire as alleged herein for purposes of §1985(3).**

Plaintiff alleges that there was an explicit agreement and coordinated strategy between Greenberg and Bethel as part of the 2020 mayoral campaign to attack Plaintiff for his support of Greenberg's political opponent.  Id., ¶¶ 94-97.  Plaintiff alleges that this subsided until the subsequent mayoral race in 2023, at which time Chosich also became involved.  Id., ¶¶ 97-98.  Plaintiff alleges that Greenberg made an explicit agreement with Bethel to file a false ethics complaint against Plaintiff. Id., ¶ 99.  Plaintiff alleges that Greenberg has conveyed to Bethel "and members of the City of Maplewood government, including city councilmembers and police officers, his desire to punish Jackson for filing the [ethics] complaint [against Greenberg]."  Id., ¶ 100.  Plaintiff alleges that "Jackson's arrest on June 12 demonstrates a coordinated effort by Greenberg, Bethel, Chosich, and the Maplewood police department to use the levers of state power to attack political enemies."  Id., ¶ 101.

Plaintiff's §1985(3) claim fails for the same reasons stated above.  First, there is no City policy that was the driving force behind any violation of Plaintiff's constitutional rights.  Second, the arrest was not a violation of Plaintiff's constitutional rights in any way, as there was a warrant out for Plaintiff's arrest.  See *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

In addition, this claim against the City must be dismissed because the City cannot be deemed to have participated in any alleged "conspiracy."  "The law presumes that municipalities are incapable of entering into conspiracies.  Hence, municipalities cannot be liable in actions brought pursuant to Section 1985." *Stone v. City of Hot Springs, Ark.*, 2006 WL 1310394 (W.D. Ark., 2006), citing to *Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998).  A municipality cannot be held liable under §1985(3) "because 'a local government cannot conspire with itself through its agents acting within the scope of their employment,' even if the plaintiff 'alleges

9

improprieties in the execution of those duties.'" *Faulk v. City of St. Louis*, 30 F.4th 739, 749 (8th Cir. 2022), citing *Kelly v. City of Omaha*, 813 F.3d 1070, 1078-1079 (8th Cir. 2016).

Accordingly, the claim against the City of Maplewood in Count X should likewise be dismissed.

### III.    CONCLUSION

For the foregoing reasons, Defendant City of Maplewood and all counts against it in this lawsuit should be dismissed.

REICHARDT NOCE & YOUNG LLC


By:    */s/ Timothy J. Reichardt*
    Timothy J. Reichardt        #57684MO
    tjr@rnylaw.com.com
    Daniel T. Mooney        #70256MO
    dtm@rnylaw.com
    12444 Powerscourt Drive, Suite 160
    St. Louis, MO  63131
    314/789-1199
    314/754-9795 – Facsimile
    *Attorneys for Defendant City of Maplewood*


### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January 2025, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.


*/s/ Timothy J. Reichardt*