UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON, | |
| Plaintiff, | Case No. 4:24-cv-01207-NCC |
| vs. | |
| CITY OF MAPLEWOOD, et al. | |
| Defendants. | **JURY TRIAL DEMANDED** |

**DEFENDANT CITY OF MAPLEWOOD'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant City of Maplewood ("City"), by and through undersigned counsel, and for its Reply Memorandum of Law in Support of its Motion to Dismiss Plaintiff's First Amended Complaint, states as follows:

Plaintiff's Response is the latest round of unsupported legal conclusions and attempts to confound the issues and record. The actual facts alleged in Plaintiff's First Amended Complaint do not form the basis for *Monell* liability in this case. Plaintiff has burdened the City and this Court with ill-conceived arguments and claims for long enough. The Court should dismiss Defendant City of Maplewood from this case.

**1. Mayor Greenberg was not a final policy maker for the City of Maplewood as to the matters alleged by Plaintiff.**

Plaintiff claims that Mayor Greenberg had final policymaking authority over the ethics investigation into Plaintiff. (Doc. 54, Plaintiff's Response, p. 2). This is incorrect, both in fact and as alleged in the First Amended Complaint. First, what policy does Plaintiff claim that Mayor Greenberg made that violated his constitutional rights?

Plaintiff alleges, "[t]he policy at issue – **whether** to enforce the City Ethics Code applicable to officials appointed to serve on commissions, like [Plaintiff] Jackson – is textually committed by [sic] to the discretion of Mayor Greenberg." (Id., p. 3 (emphasis added)). As to the complaint itself, and as Plaintiff admits, the Code allows *anyone* to file an ethics complaint. (¶ 15). In other words, even if Mayor Greenberg had been involved in Bethel's decision to file a written complaint, the Code would not prevent him from doing so, and such participation would not implicate his role as mayor. After a complaint is submitted, the Mayor has a ministerial duty to assemble an ethics review committee ("Complaints should be submitted to the Mayor, who **will (upon receipt) assemble** an ethics review committee for investigation of the complaint"), but that is the full extent of his involvement. (¶ 16).  Even as to the makeup of the committee, the mayor has no discretion, as the committee is "made up of the senior councilmember from each ward." While Plaintiff appears to imply that the Mayor has influence over the decisions of the committee, there is no basis for that assertion. Indeed, the Code provides that the "ethics review committee" (not the mayor) that:

- "shall be responsible for overseeing compliance with this Code of Ethics . . ."
- "shall promptly initiate an impartial investigation of the complaint . . ."
- "shall issue a recommendation for dismissal of the complaint or a recommendation that the complaint is substantiated along with appropriate disciplinary action. . ." and "[t]he recommendation of the ethics review committee is binding unless appealed."

If appealed, the decision goes to the "full council for a public hearing," and it is the "decision of the council" which "shall be final and binding." In short, the Mayor has no role whatsoever in this investigation or determination of the complaint.

2

Although Plaintiff asserts that Mayor Greenberg injected himself into the investigation and redistributed an allegedly confidential submission by Plaintiff, the allegations also demonstrate that Mayor Greenberg was purposefully excluded from the process and that after such conduct by the Mayor, the ethics review committee dismissed the complaint entirely. Thus, there was no adverse decision made against Plaintiff made by the body actually charged with determining the issue.

As pleaded, Plaintiff's allegations demonstrate that Mayor Greenberg is **not** a final policymaker for the City, that Mayor Greenberg made no deliberate decisions on behalf of or attributable to the City with respect to the ethics matter against Plaintiff, and that the above-stated "policy at issue" was not the direct cause of any harm to Plaintiff per his First Amended Complaint. Such alleged conduct of the Mayor can by no means be construed as the setting of formal City policy by a final policymaker.

Plaintiff also claims that prior decisions (*Kalina*, *Hutchcroft-Darling*) holding that a **prosecutor** is a has final policy making authority for the filing of a **criminal complaint** are analogous. This is baffling. A prosecutor is the express agent of the governmental entity in filing charges. A prosecutor has the duty to file charges on behalf of and in the name of the governmental entity and necessarily exercises his or her discretion as to whether charges are filed and the substance of those charges. With respect to the Code of Ethics, however, **anyone**, whether a member of the Council or a member of the public, can file a complaint under the Code and such complaint is not on behalf of or in the name of the City. There is no express or implied ability for anyone, including Mayor Greenberg, to submit a complaint on behalf of and as the duty-bound agent of the City of Maplewood. Plaintiff's stretch of the imagination makes no sense and does not support a claim against the City of Maplewood.

Plaintiff's discussion of *Felts* is also confusing and misleading. In *Felts*, the Court found that the parties had stipulated to the far-reaching authority of the President of the City of St. Louis's Board of Aldermen over City operations, including controlling communications and the City's social media account which were at issue. This is clearly distinguishable from the Mayor's scope of authority under the City's Charter, which has nothing really to do with the specific conduct alleged to be wrongful in this case.

Ultimately, Plaintiff's arguments as to Mayor Greenberg being a final policy maker are circular and utterly confusing. See, e.g. Doc. 54, p. 6 ("The Mayor's decision that he ought to have Bethel submit the complaint is additional evidence of his final policy making authority over the enforcement of the ethics complaint, because it demonstrates that he alone determines who is entitled to file such a complaint."). Based upon the actual facts alleged, Defendant City cannot be liable to Plaintiff under *Monell* and its progeny.

### 2. **Plaintiff's ratification arguments are inapplicable.**

Plaintiff asserts that the Ethics Committee's failure to make a determination as to Plaintiff's own ethics complaint against Mayor Greenberg should be deemed the "ratification" of the Mayor's conduct. Plaintiff's only cases discussing this doctrine involve a superior's final approval upon review of a subordinate's actions or conduct. The doctrine provides: "[w]hen a subordinate makes a decision that is subject to review, and the municipality's authorized policymakers approve the subordinate's decision and the basis for it, their ratification is chargeable to the municipality because their decision is final." *Gustilo*, 122 F.4th 1012, 1018 (8th. Cir. 2024), citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Plaintiff wastes a page on discussing the meaning of "shall." (Id., p. 9.). Plaintiff then provides a meaningless discussion of liability for "failure to act." (Id., p. 9-10)(apparently comparing the Ethics Committee's failure to render a decision on

4

Plaintiff's ethics complaint against the Mayor to failure of prison guards to provide aid to an inmate in obvious need of help). But the doctrine of ratification offered by Plaintiff is clearly inapplicable in the context of this case for a host of reasons. For example, Greenberg is not a subordinate of the Ethics Committee or Council. Neither the Ethics Committee nor the Council are his boss. Greenberg was not acting as an agent on behalf of the Ethics Committee and/or the City in the course of any of his conduct as alleged by Plaintiff. See Restatement (Third) of Agency, §4.03 (2006)("A person may ratify an act if the actor acted or purported to act as an agent on the person's behalf."). And, how could a subcommittee of the Council, which is tasked with making non-judicial assessments and determinations as to whether something is "ethical," have any binding or preclusive effect as to the legality of Mayor Greenberg's actions in this matter? It makes no sense.

Plaintiff argues that the Ethics Committee's failure to disavow the Mayor's behavior ratified his conduct, thus "establishing a policy or custom that the Mayor may use the ethics process to punish political opponents for protected speech." (Id., p. 10). While facially ridiculous, it is also untrue. As demonstrated by the First Amended Complaint, the Ethics Committee did not punish Plaintiff, it dismissed the complaint against Plaintiff immediately after Mayor Greenberg allegedly disseminated Plaintiff's documents. Plaintiff's ratification theory should be rejected outright.

3. **Plaintiff's argument regarding his stop and arrest is misleading, legally incorrect, and cannot sustain any cause of action.**

Plaintiff previously admitted in his Complaint that he was "pulled over for an outstanding traffic warrant." Complaint, ¶ 32. He now apparently tries to mislead this court into believing that the stop was for expired plates only. This claim is unsupported in law and legally deficient. This has been explained to Plaintiff's counsel repeatedly. Plaintiff has had far more than the 21-day

5

safe harbor time for withdrawing such meritless claims. Nevertheless, the City will again address it here.

In *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019) the US Supreme Court held that, absent a showing that there was no probable cause for an arrest, a claim that an arrest was in retaliation for protected speech fails. As the Court explained, if an officer has probable cause for the arrest, then even the presence of a retaliatory motive is irrelevant unless the plaintiff presents "objective evidence that he was arrested when otherwise similarly situated individuals engaged in the same sort of protected speech had not been." *Id*. at 1727. The US Supreme Court "has emphasized that this is merely a 'narrow qualification' of the rule." *Gonzalez v. Trevino*, 602 U.S. 653, 664 (2024), quoting *Nieves*, 587 U.S. at 406. This is limited to offenses that are "endemic but rarely results in arrest," such as jaywalking. *Id.*

As previously explained, this case is different than *Nieves* or the lines of cases examining probable cause in the context of allegedly retaliatory arrest. There is no probable cause issue when there is an arrest warrant. Regardless, even taking this matter on the incomplete and misleading pleading and argument offered by Plaintiff in this regard, Plaintiff's allegations still do not form the narrow exception. Expired plate/registration violations commonly result in traffic stops and even arrests. In this case, Plaintiff had a warrant out for his arrest, so he was arrested. This is not a matter to be considered "endemic but rarely resulting in arrest." Plaintiff has failed to state a viable First Amendment retaliation claim in this regard.

Plaintiff's added discussion concerning his §1985 conspiracy claim is tacked onto this section of his Response. Plaintiff apparently now wants to discuss equal protection and pre-formed candles. (Doc. 54, pp. 14-15). This is not the subject of Count X of Plaintiff's Complaint, which only mentions the First Amendment.

For the reasons explained in its Memorandum of Law in Support of its Motion to Dismiss, Defendant City of Maplewood should be dismissed from this lawsuit.

REICHARDT NOCE & YOUNG LLC

    /s/ Timothy J. Reichardt
Timothy J. Reichardt    #57684MO
tjr@rnylaw.com
Daniel T. Mooney    #70256MO
dtm@rnylaw.com
12444 Powerscourt Drive, Suite 160
St. Louis, MO 63131
314/789-1199
314/754-9795 – Facsimile
*Attorneys for Defendant City of Maplewood*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January 2025, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

    /s/ Timothy J. Reichardt