**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BRAD JACKSON,                          )
                                       )
      Plaintiff,                       )        Case No. 4:24-cv-01207-NCC
                                       )
v.                                     )
                                       )
CITY OF MAPLEWOOD, et al.              )
                                       )
      Defendants.                      )

### DEFENDANT ISAAC CHOSICH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Isaac Chosich ("Defendant"), by and through undersigned counsel, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for his Memorandum of Law in Support of his Motion for Partial Summary Judgment, states as follows:

### Introduction

Plaintiff Brad Jackson ("Plaintiff") brought this case against Defendant Chosich alleging in Counts 2-7 that Defendant made defamatory statements about Plaintiff and intentionally inflicted emotional distress. As shown by Defendant's statement of uncontroverted material facts and case law cited in this memorandum, all statements alleged by Plaintiff are either true or substantially true, or were statements of opinion. The truth is a complete defense against defamation and the First Amendment protects statements of opinion. Additionally, Plaintiff's count for intentional infliction of emotional distress ("IIED") is based exclusively on the alleged defamation. This count fails by law because a claim for IIED does not lie when the alleged offending conduct only consists of defamation. Therefore, the Court should enter partial summary judgment in favor of Defendant Chosich and against Plaintiff Brad Jackson for Counts 2-7, and the only remaining count against Defendant Chosich should be Count 10 for conspiracy.

1

## Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Moore v. Martin*, 854 F.3d 1021, 1025 (8th Cir. 2017) (quoting Fed. R. Civ. Pro. 56(a)). "The party moving for summary judgment bears the initial burden to 'bring up the fact that the record does not contain' a genuine dispute of material fact 'and to identify that part of the record which bears out his assertion.'" *Id.* (internal citations omitted).

**I.      Plaintiff's Defamation Claims 2 and 4 Fail as a Matter of Law Because Each of Defendant's Alleged Statements are True or Substantially True.**

Defendant Chosich requests this Court enter judgment in his favor for Counts 2 and 4. If the Court does not find in favor of Defendant Chosich, he requests this court strike the portions of each statement which are true or substantially true from Plaintiff's Amended Complaint. To state a claim for defamation under Missouri law, a plaintiff must allege facts plausibly establishing: "(1) publication, (2) of a defamatory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault and (6) damages the plaintiff's reputation." *Castle Rock Remodeling v. Better Bus. Bureau*, 354 S.W.3d 234, 239 (Mo. App. E.D. 2011). "[T]ruth is an absolute defense to a defamation claim." *Nigro v. St. Joseph Med. Ct*r., 371 S.W.3d 808, 818 (Mo. App. W.D. 2012) (citing *Rice v. Hodapp*, 919 S.W.2d 240, 243 (Mo. 1996)). "The test to be administered in evaluating the defense of truth is whether the challenged statement is substantially true." *Id.* "It is not necessary that the precise facts disclosed be literally true." *Id.*

Below are the allegedly defamatory statements Plaintiff asserts against Defendant Chosich in his First Amended Complaint:

Count 2: "I find it pretty wild and embarrassing that a dude who doesn't have a job, doesn't pay taxes, doesn't pay rent, doesn't pay child support, and uses all his free time to destroy

2

people's lives on the internet gets to sit on two boards and make decisions regarding everyone." (dated May 6, 2024, Facebook).

Count 4: "Crazy that Brad Jackson, a drug dealer, who sells drugs out of a bbq grill on his front porch, from the house he rents is on two city boards. Dude doesn't even pay taxes or have a real job. He sits on Facebook constantly stirring up bullshit, chain smoking cigarettes. I guess he's got some extra time on his hands for all this since he's raised enough money on go fund me for his Coke surgery." (dated May 7, 2024, Facebook).

Count 6: "[Brad Jackson is a] 40 year old dude that has nothing to do then slander other people to stay relevant and gaslight people into doing the dirty work for him. It's sad and straight mentally ill behavior. I'd say get help but I'd rather him fuckin' drop dead. If the law doesn't catch up with him the heart attack will." (dated May 12, 2024, Facebook).

First Amended Complaint, ¶ 75.[1]

    *a.   Any statement related to Plaintiff failing to pay taxes is true or substantially true.*

On September 23, 2016, the Missouri Department of Revenue filed a Certificate of Tax Lien against Plaintiff for his failure to pay taxes. SUMF, ¶ 1. On April 14, 2017, the Missouri Department of Revenue again issued a Certificate of Tax Lien to Plaintiff for his failure to pay taxes. SUMF, ¶ 2. As of November 13, 2024, according to the St. Louis County Personal Property Information website, Plaintiff owed back taxes for the years 2019, 2020, and 2021. SUMF, ¶ 3.

On multiple occasions, Plaintiff has bragged to audiences of his concerts that he does not pay his personal property taxes, and as a result has had up to 14 warrants issued for his arrest. SUMF, ¶ 4. Below is a true and accurate transcription of the audio file, provided by Defendant Bethel in her Rule 26 initial disclosures, of Plaintiff Brad Jackson during a live show

    **Plaintiff:** So in Missouri, we have a thing that's called personal property tax . . . It's unlike property tax. This is a tax that you pay every single year on shit that you already own. And, and it's different. It's for your car, for your RV, for things like that, but primarily for your car. And it won't let you get your license plates renewed until you paid your personal property tax. And if you have anything

---

[1] Plaintiff's Amended Complaint simply labels the counts against Defendant Chosich as "Counts 2-7 Defamation Against Chosich." He lists three allegedly defamatory statements as Counts 2, 4, and 6, so based on the similar counts against Defendant Bethel, Defendant Chosich believes Plaintiff intended Counts 3, 5, and 7 to be IIED.

> resembling a reliable vehicle, it's just $1,400 a year or so. And it's nonsense. It's absolute nonsense. And so if you're punk rock like me, you don't pay it, and then you wind up with 14 warrants, and then it's New Year's Eve, and there's a cop behind you on your way to a party. And that's what this song is about. Let's go.

*Id.* By court records, online tax payment receipts, and by Plaintiff's own admissions, it is clear he does not pay his taxes.

     *b.  Any statement related to Plaintiff not paying child support is true or substantially true.*

Plaintiff has made a public Facebook post acknowledging that he does not pay child support. SUMF, ¶ 5. This post speaks for itself. This statement is true.

     *c.  Any statement related to Plaintiff failing to pay rent is true or substantially true.*

On August 16, 2023, Donald L. Loomstein filed a Petition in Rent and Possession against Plaintiff and Roughneck Beard Co., LLC with case number 23SL-AC22841 for unpaid rent in the amount of $3,400.00. SUMF, ¶ 6. On September 11, 2023, a Default Judgment was issued against Plaintiff. *Id.* It is clear that Plaintiff has failed to pay his rent and that this statement is true.

     *d.  Any statement related to Plaintiff having sold drugs is true or substantially true.*

As shown in Plaintiff's Motion for Default Judgment, and Exhibit 1 thereto, Plaintiff offered to sell marijuana and mushrooms which were "in the grill." SUMF, ¶ 7. Plaintiff referred to this as an "authentic text message" in ¶ 3 of his Motion for Default Judgment. *Id.* Plaintiff has provided "menus" of drugs he offered for sale with a list of each product and price, including both marijuana and mushrooms. SUMF, ¶ 8.

## II.  Any Statements by Defendant Chosich in Counts 2, 4 and 6 not Shown to be True or Substantially True are Statements of Opinion.

"The First Amendment's guarantee of freedom of speech makes expressions of opinion absolutely privileged." *State ex rel. Diehl v. Kintz*, 162 S.W.3d 152, 155 (Mo. App. E.D. 2005) (quoting *Nazeri v. Missouri Valley Coll.*, 860 S.W.2d 303, 314 (Mo. 1993). The First Amendment

4

"gives rise to the [] absolute privilege accorded statements of opinion, which even if made maliciously or insincerely, do not give rise to a defamation cause of action." *McClanahan v. Anti-Defamation League*, 23-05076-CV-SW-JAM, 2023 WL 8704258, at *4 (W.D. Mo. Dec. 15, 2023). Thus, the United States Supreme Court has held there can be no liability under state defamation law for statements of opinion. *Id.*

However, there are exceptions to this exemption when the expressions of opinion may imply an assertion of objective fact. *Kintz*, 162 S.W.3d at 155. To determine whether a statement is an opinion, "the Court examines the totality of the circumstances to decide whether the ordinary reader would have treated the statement as opinion." *Others First Inc. v. Better Bus. Bureau of Greater St. Louis, Inc*., 105 F. Supp. 3d 923, 930 (E.D. Mo. 2015), *aff'd*, 829 F.3d 576 (8th Cir. 2016). Neither "imaginative expression" nor "rhetorical hyperbole" is actionable as defamation. *Kintz*, 162 S.W.3d at 155. "Courts should also examine the statements themselves to determine whether they are too imprecise." *Id.* "To qualify as defamatory under Missouri law, opinion statements must be provable as false." *Shipyard Brewing Co., LLC v. Logboat Brewing Co., LLC*, 2:17-CV-04079-NKL, 2017 WL 6733971, at *3 (W.D. Mo. Dec. 29, 2017). "Moreover, even statements which ostensibly accuse another of criminal conduct may constitute statements of opinion." *Totta v. CCSB Fin. Corp*., 695 S.W.3d 197, 205 (Mo. App. W.D. 2024), *reh'g and/or transfer denied* (July 23, 2024), *transfer denied* (Sept. 3, 2024).

In *McClanahan*, the court held that the defendant's statements regarding the plaintiff's "social media presence and views as antisemitic, white supremacist, anti-government, and bigoted" were statements of opinion. *Id*. at 5. The court determined statements of this nature are a matter of individual interpretation, and thus nonactionable. *Id*. Even language which may be offensive, if opinion, is not defamation.

5

Here, Plaintiff's Count 6 is a prime example of a statement that is purely based on Defendant's opinion of Plaintiff. Like the plaintiff in *McClanahan*, it is clear Plaintiff is offended by this statement. However, no part of this statement implies an assertion of objective fact. The "ordinary reader" given the context of this statement, and the "totality of the circumstances" would immediately understand that this is a statement of opinion. Additionally, in Counts 2 and 4, Defendant has shown that any assertion of objective fact was either true or substantially true. Counts 2 and 4 also contain statements of opinion that are non-actionable, are not provably false, and rely on no objective facts.

### III.    Plaintiff's Counts 3, 5, and 7 for Intentional Infliction of Emotional Distress Fail as a Matter of Law Because a Claim for IIED Does Not Lie When the Alleged Offending Conduct Only Consists of Defamation.

The tort of IIED "does not lie when the offending conduct consists only of a defamation." *Nazeri*, 860 S.W.2d at 316. "Damages for mental suffering are recoverable in a [defamation] action." *Id*. "Thus, any recovery for emotional distress as an independent tort would duplicate part of the recovery for a [defamation] claim arising out of the same conduct. *Id*. "A separate emotional distress claim could be supported by pleading some additional wanton and outrageous act of the defendant, other than an attendant defamatory expression." *Id*.

In *Nazeri*, the defendant made statements to a reporter about the plaintiff, which that plaintiff asserted were false. *Id*. at 307. As a result of those false statements, the plaintiff asserted several counts related to defamation, and one count for IIED. *Id*. at 316. In that case, the Missouri Supreme Court stated, "[i]n the case at bar, all the statements to the two reporters concerning appellant are alleged to be false. Accordingly, none of these statements will support an independent claim for infliction of emotional distress." *Id*.

6

Here, like the plaintiff in *Nazeri*, Plaintiff's claim for IIED is solely based on the alleged defamatory statements which he claims are false. Based on the Missouri Supreme Court's ruling in *Nazeri*, this court should rule in favor Defendant Chosich and against Plaintiff Brad Jackson as this claim may not lie when the offending conduct consists only of a defamation.

WHEREFORE Defendant Isaac Chosich respectfully requests that the Court enter partial summary judgment in his favor and against Plaintiff Brad Jackson for Counts 2-7 for defamation and intentional infliction of emotional distress, attorney's fees, and any further relief the Court deems just and proper.

Respectfully submitted,

**GARLAND LAW, P.C.**

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Defendant Isaac Chosich***

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April 2025, I electronically filed the foregoing via the Court's ECF electronic filing system, which sent notification of such filing to all counsel of record. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

*/s/ Michael D. Garland*

7