# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:24-CV-1207-NCC |
| BARRY GREENBERG, KATE BETHEL | ) |
| and ISAAC CHOSICH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER REFERRING CASE TO ALTERNATIVE DISPUTE RESOLUTION**

After due consideration of the issues and in consultation with the parties, the Court finds that this cause is appropriate for referral to an alternative form of dispute resolution as provided by the local rules of this Court.

**IT IS HEREBY ORDERED** that:

(a) Referral to ADR: This case is referred to: **Mediation.**

(b) Conduct of ADR Conference(s): The ADR conference(s) shall be conducted in accordance with the procedures outlined in E.D.Mo. L.R. 6.01 - 6.05.

(c) Scheduling ADR Conference(s): The ADR conference(s) shall be concluded before **September 22, 2025**, unless extended by order of the Court. Although ADR conferences may be conducted at any location agreed to by the parties, counsel, and the assigned neutral, the parties are advised that such conferences may be conducted in designated space in the United States District Court, 111 South 10th Street, St. Louis, Missouri, and United States District

Court, 555 Independence Street, Cape Girardeau, Missouri, by making arrangements with the Office of the Clerk.

(d) General Rules Governing ADR Conference(s): The ADR procedures are defined and the process shall be conducted in accordance with E.D.Mo. L.R. 6.01-6.05. The following Orders are entered in this matter:

(1) Designation of Lead Counsel: **Joseph A. Ott** is designated as lead counsel and shall be responsible for working with the parties and the neutral to coordinate an agreeable date, time, and, if necessary, location for the initial ADR conference.

(2) Responsibilities of Lead Counsel: Not later than **August 29, 2025,** lead counsel shall notify the clerk of the agreed choice of neutral selected by the parties and the date, time and location of the initial ADR Conference (see Designation of Neutral/ADR Conference Report form, <www.moed.uscourts.gov>, ADR, forms). Upon selection of the neutral, lead counsel shall send a copy of this order to the neutral.

(3) Authority of the Neutral: The neutral shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals, to suggest alternatives, analyze issues and positions, question perceptions, stimulate negotiations, and keep order.

(4) Compliance with Deadlines: All deadlines must be complied with in a timely fashion and the appropriate forms filed with the Clerk of the District Court. If a deadline cannot be met, the designated lead counsel shall **file a motion requesting an extension of the deadline** prior to the expiration of that deadline. Noncompliance of any deadline set herein by this Court may result in the imposition of sanctions to the appropriate party or parties.

(e) Local Rule 6.02 – Duties of Participants: Counsel for all parties is directed to review E.D.Mo. Local Rule 6.02 in its entirety. The Court specifically notes the General Attendance Requirements as set forth below:

(1) Attendance and Participation: All named parties and their counsel are required to attend the ADR conference, participate in good faith, and possess the requisite settlement authority unless excused under this Rule. The attendance requirement is satisfied by appearing in person or by video conference, unless in-person attendance is Ordered by the Court or required by the neutral. Unless excused by the neutral for good cause shown, when appearing by video conference, persons must be visibly

present in front of their camera with audio and video turned on so that audio and visual interaction with all parties can occur.

(2)   Disclosure of Participants and Manner of Attendance:  Not later than fourteen (14) days prior to the ADR Conference, each party will provide to all parties, and to the neutral, a list of all persons who will participate in the ADR Conference on behalf of the party making the disclosure.  This list shall state the names of the individuals attending and their general job titles and shall state whether each person is attending in person or by videoconference.

(3)   Contesting Attendance: Any party contesting the manner of attendance listed in another party's disclosure, or the lack of attendance by any party who would be necessary in any way to achieve settlement, must inform the neutral in writing of their contest, simultaneously copying all counsel, no fewer than ten (10) days prior to the date set for the conference. The neutral may contact the parties and attempt to resolve the contest but must make a final determination in writing to all parties on attendance requirements no fewer than seven (7) days prior to the date set for the conference.  The neutral may allow attendance by videoconference, require in-person attendance, or excuse attendance. Any party contesting any attendance determination by the neutral may file a motion with the Court no fewer than four (4) days prior to the date set for the conference, stating the reasons for the objection to the neutral's determination and providing alternatives for attendance compliance. The Court may Order attendance by videoconference, in-person attendance, or excuse attendance; or the Court may enter any other appropriate Order necessary for the attendance of the parties.  On its own authority, the Court may alter the deadlines set forth this in section.

**Nothing in this order alters the Case Management Order previously entered in this case.  All deadlines set forth in that Case Management Order remain in full force and effect.**

HON. NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of August, 2025.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRAD JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:24-CV-1207-NCC |
| CITY OF MAPLEWOOD, BARRY GREENBERG, KATE BETHEL and ISAAC CHOSICH, | ) ) ) |
| | ) |
| Defendants. | ) |

## DESIGNATION OF NEUTRAL BY PARTIES
## AND
## ADR CONFERENCE REPORT

Pursuant to the Court's Order Referring Case to ADR for **Mediation**, dated **August 8, 2025,** the parties hereby designate by agreement the following individual from the Court's list of Certified Neutrals to serve as Neutral in the above-styled action.

Name of Neutral/Firm: _____
Firm Address: _____
Telephone: _____   Fax: _____

**The attorneys of record in this case are:**

Lead Counsel: _____
Firm Address: _____
Telephone: _____
Fax: _____

Other Counsel: _____
Firm Address: _____
Telephone: _____
Fax: _____

**The completion deadline for this ADR referral is <u>September 22, 2025</u>.**

The parties, in consultation with the assigned neutral, hereby designate by agreement the following date, time, and location of the initial ADR conference:

Date of Conference: _____, 20____

Time of Conference: _____ a.m./p.m.

Location of Conference (Check One):

☐ Designated Space at:  Eastern District of Missouri
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

☐ Other Location: _____

_____

All parties and the assigned neutral have been given at least fourteen (14) days' notice of the above-dated conference. The neutral shall schedule any additional conference(s) in consultation with the parties.

We, the undersigned parties to this action, declare that this designation is both consensual and mutual.

_____
Date

_____
Signature of Plaintiff(s)

_____
Signature of Defendant(s)