Electronically Filed - St Louis County - June 16, 2017 - 03:53 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

VICTORIA _____ LARSON _____
(First)   (Middle)   (Last)   (Jr./Sr./III)
Plaintiff,

-and-

BRAD _____ JACKSON _____
(First)   (Middle)   (Last)   (Jr./Sr./III)
Defendant.

Case No. 16SL-DR05625

Division No. 37

### Paternity Judgment

**Parties**
1. ☒ As used herein, "Mother" refers to Plaintiff and "Father" refers to Defendant.
   ☐ As used herein, "Father" refers to Plaintiff and "Mother" refers to Defendant.
2. Appearances *(Check all that apply)*
   ☐ Plaintiff appears in person.
   ☐ Plaintiff appears by attorney.
   ☐ Guardian ad Litem appears in person.
   ☐ Defendant appears in person.
   ☐ Defendant appears by attorney.
   ☒ Cause submitted upon affidavit of Plaintiff.
   ☐ Third Party _____ appears in person.
   ☐ Third Party _____ appears by attorney.
   ☒ Cause submitted upon affidavit of Defendant.
3. The last four digits of Plaintiff's Social Security Number are ___0335___ and the last four digits of Defendant's Social Security Number are ___8768___.

**Children**
4. This judgment pertains to the following child(ren) hereinafter referred to as "minor child(ren):

| Name of Child | Age |
|---|---|
| Ruckus Jackson | 5 |
| Maisy Jackson | 3 |
|  |  |
|  |  |
|  |  |
|  |  |

**Paternity**
4. ☒ The court finds that the minor child(ren) is/are the biological child(ren) of Father.
   ☐ The court finds that the minor child(ren) is/are not the biological child(ren) of Father.

Paternity Judgment – Page 1 of 3

Form CAFC270-09/02/2009

**Child Custody**

5. ☐ The court does NOT have jurisdiction over the custody arrangements of the minor child(ren) pursuant to the Uniform Child Custody and Jurisdiction Act, RSMo. §452.440 et. seq. and therefore enters no further orders with respect to the custodial arrangements of the minor child(ren).

   ☒ The court has jurisdiction over the custody arrangements of the minor child(ren) pursuant to the Uniform Child Custody and Jurisdiction Act, RSMo. §452.440 et. seq.
   The court approves the provisions of Part A of the parenting plan marked exhibit ___1-A___ pertaining to the custodial arrangements of the minor child(ren) and finds that the custodial arrangements contained in said parenting plan are in the best interests of the minor child(ren).
   Therefore, the court orders the provisions of Part A of the said parenting plan pertaining to the custodial arrangements of the minor child(ren) and incorporates by reference all of the terms and conditions pertaining to the custodial arrangements of the minor child(ren) set forth in Part A of said parenting plan as if fully set forth herein.
   The sheriff or other law enforcement officers shall enforce the rights of any person to custody or visitation pursuant to RSMo. §452.425.

**Child Support**

6. ☐ The court does not have jurisdiction to enter any orders with respect to the support of the minor child(ren).

   ☒ The court orders the provisions of Part B of the parenting plan marked exhibit ___1-D___, pertaining to the support of the minor child(ren) and incorporates by reference all of the terms and conditions set forth in Part B of said parenting plan as if fully set forth herein.

**Attorney's Fees**

7. ☐ Plaintiff shall pay to _____ the sum of _____ as and for Defendant's attorney's fees herein.
   ☐ Defendant shall pay to _____ the sum of _____ as and for Plaintiff's attorney's fees herein.

8. ☐ Plaintiff shall pay to _____ the sum of _____ as and for Guardian ad Litem fees in addition to the sum of _____ previously ordered.
   ☐ Defendant shall pay to _____ the sum of _____ as and for Guardian ad Litem fees in addition to the sum of _____ previously ordered.

**Other Orders**

9. ☒ The child(ren) named above was/were born in the State of Missouri and the Missouri Bureau of Vital Records shall amend the birth record of the minor child(ren) pursuant to RSMo. §210.481 and §210.849 to reflect that Father is the biological father of the minor child(ren) as stated above and to remove any biographical information of any father currently listed on the birth record(s). Plaintiff shall send a certified copy of this judgment and pay any expense or fees to the Missouri Bureau of Vital Records.
   ☐ The Bureau of Vital Records shall change the name on the birth record(s) of the minor child(ren) as follows:
   _____

   ☐ Other orders are as per the attached Exhibit Number _____, which is incorporated by reference as if fully set forth herein.

**Court Costs**

10. ☒ Court costs are to be paid from the court cost deposit(s) previously posted.
    ☐ Court costs are waived.

**Waiver of Right to Rehearing** *(If case is heard by a Commissioner pursuant to RSMo. §487.010 et. seq.)*
☐ We, the undersigned parties, do hereby acknowledge receipt of the findings and recommendations of the commissioner, and waive the right to file a motion for rehearing in this case.

**SO ORDERED:**

*[signature]*

Judge     Division 37

June 20, 2017

*(If heard by a Family Court Commissioner)*
Findings and Recommendations of Commissioner:

_____  _____
Commissioner            Date

Approved and Adopted as Judgment of the Court:

_____  _____
Judge                   Date

A certified copy of this judgment is to be mailed to the following person(s): *(Check all applicable boxes)*

☒ Plaintiff's Attorney          ☒ Defendant's Attorney          ☐ Guardian ad Litem
*[signature]* #5954              NA                              NA
(Signature of Attorney)          (Signature of Attorney)          (Signature of Guardian ad Litem)
200 S. Bemiston Avenue, Suite 104   703 Point 40 Park Drive, Ste. 107
(Street)                         (Street)                         (Street)
Clayton    MO    63105           Chesterfield   MO   63005
(City)    (State) (Zip)          (City)    (State) (Zip)          (City)    (State) (Zip)
(314) 266-6426                   (636) 778-3400
(Telephone Number)               (Telephone Number)               (Telephone Number)

☒ Plaintiff                      ☒ Defendant                      ☐ Third Party
*[signature]*                    *[signature]*                    NA
(Signature of Plaintiff)         (Signature of Defendant)         (Signature of Third Party)
732 WEST BROOKE VILLAGE DRIVE    2625 HOPE AVENUE
(Street)                         (Street)                         (Street)
MANCHESTER   MO   63021          MAPLEWOOD    MO   63143
(City)    (State) (Zip)          (City)    (State) (Zip)          (City)    (State) (Zip)
(314) 258-1088                   (314) 603-2215
(Telephone Number)               (Telephone Number)               (Telephone Number)

Paternity Judgment – Page 3 of 3

Form CAFC270-09/02/2009

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| VICTORIA (First) | _____ (Middle) | LARSON (Last) | _____ (Jr./Sr./III) |
|---|---|---|---|

Plaintiff,

-v.-

Case No. 16SL-DR05625

| BRAD (First) | _____ (Middle) | JACKSON (Last) | _____ (Jr./Sr./III) |
|---|---|---|---|

Defendant.

Division No. 37

**Affidavit for Judgment**
For use in paternity cases or modification of paternity cases only.

☒ I am the Plaintiff.
☐ I am the Defendant.

Comes now the affiant, first having been duly sworn upon his or her oath, and states that the information contained in the attached judgment and all exhibits attached thereto is true and accurate according to his or her best information, knowledge and belief.

_____
Affiant

Subscribed and sworn to this 12 day of June, 2017.

_____
Notary Public

My Commission Expires:

03/13/17

K. ADELE KUBES QUALE
My Commission Expires
March 13, 2019
Franklin County
Commission #15024516

Affidavit for Judgment -- Page 1 of 1

Form CAFC071-8/31/2009

Electronically Filed - St Louis County - June 16, 2017 - 03:53 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| VICTORIA (First) | _____ (Middle) | LARSON (Last) | _____ (Jr./Sr./III) |
|---|---|---|---|
| Plaintiff, | | | |

Case No. 16SL-DR05625

-v.-

| BRAD (First) | _____ (Middle) | JACKSON (Last) | _____ (Jr./Sr./III) |
|---|---|---|---|
| Defendant. | | | |

Division No. 37

## Affidavit for Judgment
*For use in paternity cases or modification of paternity cases only.*

☐ I am the Plaintiff.
☒ I am the Defendant.

Comes now the affiant, first having been duly sworn upon his or her oath, and states that the information contained in the attached judgment and all exhibits attached thereto is true and accurate according to his or her best information, knowledge and belief.

_____
Affiant

Subscribed and sworn to this 12 day of June, 2017.

_____
Notary Public

My Commission Expires:
03/13/19

K. ADELE KUBES QUALE
My Commission Expires
March 13, 2019
Franklin County
Commission #15024516

Form CAFC071-8/31/2009        Affidavit for Judgment – Page 1 of 1

# Form CCFC179 – Parenting Plan Part A – Temporary Custody

| Case Information | Mother: Victoria Larson | Case Number 16SL-DR05625 | Exhibit Number 1-A |
|---|---|---|---|
| | Father: Brad Jackson | County St. Louis | |

**1. Children's Information**

Part A of this parenting plan applies to 2 children. They are: Ruckus Jackson, age 5 and Maisy Jackson, age 3.

**2. Designation of Parties**

☒ Mother is the plaintiff. Father is the defendant.

**3. Access to Records**

Unless otherwise provided in this parenting plan, both parents are entitled to access to records and information pertaining to the children, including, but not limited to, full and complete medical, dental, health, child care and educational records. Each parent shall take whatever steps are necessary to ensure that the other parent has such access.

**4. Children's Activities\*\***

Both parents must attempt to accommodate the social and academic commitments of the children during the time the children are with them. Each parent shall attempt to refrain from scheduling activities that occur primarily when the children are with the other parent. If an activity will affect the other parent's time with the children, the parent scheduling the activity shall obtain the affected parent's permission before committing the children to the activity.

**5. Issues not to be discussed in the Presence of Children**

Mother and Father shall each refrain from making negative, derogatory or degrading statements about the other parent in front of the children. Both parents shall exercise their best efforts to foster the respect, love and affection of the children toward the other parent. Mother and Father shall avoid discussing parenting issues, financial issues, and other topics related to these proceedings when the children are present. Mother and Father should prevent other persons from making negative, derogatory or degrading statements about the other parent in the presence of the children.

**6. Communication Methods between Parents**

The children shall not be used as messengers. Communication between the parents concerning the children may be by the following methods: *Check each box that is appropriate in your case.*

☒ In person ☒ Home telephone ☒ Work telephone\*
☒ Mobile telephone ☒ Letter via U.S. Postal Service ☒ Email
☐ Fax ☒ Other: Text Message \*In emergencies only

**7. Telephone Contact with Children**

Each parent may contact the children in a reasonable manner when the children are with the other parent. Neither parent shall contact the children at the other parent's residence later than _____. *(If this line is left blank, there are no restrictions as to time.)* Each parent shall provide the other parent with the address of their residence and the telephone number at which the children may be contacted. Neither parent shall configure their telephone system in such a manner as to "block" or prevent the other parent from calling. If this telephone number is changed, the parent shall notify the other parent of the new telephone number within a reasonable time. When a parent travels to an overnight destination with the children, he or she must notify the other parent of the children's destination. He or she must also provide a telephone number where the children can be reached.

| | |
|---|---|
| 8. Types of Decisions | The three types of decisions that parents must make concerning their children are major decisions, daily or everyday decisions, and emergency decisions.<br><br>**Major Decisions** - Major decisions are the significant decisions about the children. Major decisions are made by the parent or parents with legal custody. The following are examples of major decisions: the choice or change of schools, including college or special tutoring; choice or change of physician, surgeon or dentist; religious instruction, training or education; selection of child care providers; major medical care, surgery, or any medical procedure requiring hospitalization or out-patient surgery; major dental work and orthodontia; psychological or psychiatric treatment or counseling; the choice or change of camps or other special or extracurricular activities; the extent of any travel away from home; part or full-time employment; purchase or operation of a motor vehicle; contraception and sex education; actual or potential litigation on behalf of the children.<br><br>**Daily or Everyday Decisions** - Daily or everyday decisions are routine decisions like minor medical treatment, bedtimes, homework, chores, selection of clothing and normal daily activities. Daily decisions shall be made by the parent having actual physical custody at the time of the decision. The parents shall cooperate in establishing mutually agreeable policies regarding such decisions in order that routine decisions remain as consistent as possible.<br><br>**Emergency Decisions** - Emergency decisions are decisions of an urgent nature. They affect the health and safety of the children and have to be made before it is possible to contact the other parent. The parent who is with the minor child requiring emergency care may make the emergency decision. The parent making the emergency decision shall advise the other parent of the nature and extent of the emergency as soon as possible. |
| 9. Legal Custody** | ☒ Mother and Father – Joint Legal Custody<br>It is in the best interests of the children that Mother and Father have joint legal custody of the children. Major decisions shall be made by Mother and Father jointly. If Mother and Father disagree on a major decision they shall resolve their disagreement through the dispute resolution procedure set forth herein. |
| 10. Residential Schedules | Mother and Father shall have physical custody of the children as they agree. In the event they do not agree, then Mother and Father shall exchange the children as set forth in the attached residential schedules marked as <u>Exhibit Number 1-B</u>. Because the children need a continuing relationship with both parents, each parent shall consider reasonable changes when requested by the other parent or the children. If a significant change is made, either parent may reduce their agreement to writing. All changes are unenforceable unless in writing and signed by both parents. |

| | |
|---|---|
| 11. Notification of Change from Residential Schedule | In the event either parent cannot exercise the scheduled time with the children, he or she should tell the other parent as soon as possible, but not later than 24 hours before the start of the scheduled time with the children. If a parent anticipates that he or she may have to cancel at the last minute, he or she should advise the other parent of the possible last minute conflict. If a parent fails to notify the other as set forth above, he or she shall be responsible for the reasonable costs incurred by the other parent. |
| 12. Transportation | The parent who has the children takes the children to the exchange location. Each party will pay the expenses associated with his or her own transportation to and from the exchange location unless otherwise indicated in this parenting plan. |
| 13. Location of Exchanges | If a specific location for an exchange is not stated on the schedule, then the exchange shall occur at the following location:<br>☒ All exchanges shall occur at the children's school or child care provider. If the children are not in attendance at school or day care, then the exchange shall occur at the home of the parent *beginning* his or her parenting time with the children.<br>☐ All exchanges shall occur at the Mother's Residence.<br>☐ All exchanges shall occur at the Father's Residence.<br>☐ All exchanges shall occur at _____. |
| 14. Physical Custody** | ☒ Joint Physical Custody Using ~~Mother's~~ FATHER'S Address – It is in the best interest of the children that Mother and Father have joint physical custody of the children. The address of the children for mailing and educational purposes is the same as that of ~~Mother~~ FATHER. The parties agree that MOTHER ~~Father~~ has no objection to ~~Mother~~ FATHER being named residential parent so long as ~~mother~~ FATHER resides within the ~~Parkway School District~~. MRH SCHOOL DISTRICT  |
| 15. Relocation | RSMo. §452.377 states: "Absent exigent circumstances as determined by a court with jurisdiction, you as a party to this action are ordered to notify, in writing by certified mail, return receipt requested, and at least sixty days prior to the proposed relocation, each party to this action of any proposed relocation of the principal residence of the child, including the following information:<br><br>(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;<br>(2) The home telephone number of the new residence, if known;<br>(3) The date of the intended move or proposed relocation;<br>(4) A brief statement of the specific reasons for the proposed relocation of the child; and<br>(5) A proposal for a revised schedule of custody or visitation with the child.<br><br>Your obligation to provide this information to each party continues as long as you or any other party by virtue of this order is entitled to custody of a child covered by this order. Your failure to obey the order of this court regarding the proposed relocation may result in further litigation to enforce such order, including contempt of court. In addition, your failure to notify a party of a relocation of the child may be considered in a proceeding to modify custody or visitation with the child. Reasonable costs and attorney fees may be assessed against you if you fail to give the required notice." |
| 16. Dispute Resolution Procedure** | If the parties do not agree on the interpretation of this Parenting Plan, or if they share joint legal custody and they are unable to agree upon a decision affecting the growth and development or health and safety of the children, they shall submit the dispute to a mediator chosen by them for non-binding mediation. In the event they are not able to agree on a mediator they shall each select a mediator from the list of approved mediators maintained by the St. Louis County Family Court and the two mediators shall determine who shall mediate the case. The parents are to make a good faith effort to resolve their disagreement. In the event that the parents cannot resolve the dispute by mediation, they may submit the issue to the Court through appropriate |

Parenting Plan Part A – Custody of the Children – Page 3

Form CCFC179-02/11

proceedings. Additional dispute resolution procedures are as follows: None.

| | |
|---|---|
| 17. Additional Provisions Pertaining to Custody of the Children | Each parent shall ensure that the other parent is provided with copies of all communications or information received from a child's school, and if a second copy of the communication is not provided by the school shall make a copy for the other parent. Each parent shall notify the other of any activity such as school conferences, programs, sporting and other special events etc., where parents are invited to attend and each shall encourage and welcome the presence of the other.<br><br>Each parent shall advise the other of any medical emergency or serious illness or injury suffered by the minor children as soon as possible after learning of the same, and shall give the other parent details of the emergency, injury or illness and the names and telephone numbers of all treating doctors. Each parent will inform the other before any non-routine medical care, treatment or examination by a health care provider including said provider's name and telephone number. Each party shall direct all doctors involved in the care and treatment of the minor children to give the other parent all information regarding any injury or illness and the medical treatment or examination, if requested. For purposes of this paragraph, a serious injury or illness is one which requires a child (1) to be confined to home for more than 48 hours, or (2) to be admitted to, or treated at, a hospital or surgical facility, or (3) to receive any time of general anesthesia or invasive surgical procedure or test.<br><br>Pursuant to Mo. Rev. Stat. §452.375: "In the event of noncompliance with this order, the aggrieved party may file a verified motion for contempt. If custody, visitation, or third-party custody is denied or interfered with by a parent or third party without good cause, the aggrieved person may file a family access motion with the court stating the specific facts that constitute a violation of the custody provisions of the judgment of dissolution, legal separation, or judgment of paternity. The circuit clerk will provide the aggrieved party with an explanation of the procedures for filing a family access motion and a simple form for use in filing the family access motion. A family access motion does not require the assistance of legal counsel to prepare and file." |

Those paragraphs marked "***" differ from Form CCFC179.

_____   _____   _____
Mother                      Father                      Guardian ad Litem

_____ #5854   _____
Attorney for Mother               Attorney For Father

**SO ORDERED:**

_____
Judge   Division 37
June 20, 2017

# Form CCFC180 – Residential Schedules

**Case Information**

| Mother: Victoria Larson | Case Number: 16SLPN05568 | Exhibit Number: 1-B |
|---|---|---|
| Father: Brad Jackson | County: St. Louis | |

### 1. Weekend and Weekday Schedule

Each exchange should be written on the Weekend and Weekday Exchange Schedule. A sample entry for one of the exchanges may be as follows: "5:30 p.m. Father receives children". This means that at 5:30 p.m., Father will begin a period of time during which the children will be with him. The last person to receive custody on the Weekend and Weekday Schedule must be different than the first person to receive custody on the schedule because after each two week period, the cycle repeats itself. There is always an even number of exchanges for a two week period. If no exchange location is specified, then the exchange shall occur at the location set forth in Parenting Plan Part A Paragraph 13 "Location of Exchanges." To determine whether the week one or week two schedule applies, you should refer to the definitions below.

**Week One Definition**

As used in this Parenting Plan, "Week One" on the Weekday and Weekend Exchange Schedule is defined as a week that has Sunday on one of the following dates:

| Month | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| January | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 29 | 30 | 31 |
| February | 1 | 2 | 3 | 4 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 26 | 27 | 28 | 29 | | |
| March | 1 | 2 | 3 | 4 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 26 | 27 | 28 | 29 | 30 | 31 |
| April | 1 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | | |
| May | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | | | |
| June | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | | | |
| July | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 30 | 31 | |
| August | 1 | 2 | 3 | 4 | 5 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 27 | 28 | 29 | 30 | 31 |
| September | 1 | 2 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | |
| October | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | | | |
| November | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | | | |
| December | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 31 | | |

**Week Two Definition**

As used in this Parenting Plan, "Week Two" on the Weekday and Weekend Exchange Schedule is defined as a week that has Sunday on one of the following dates:

| Month | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| January | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | | |
| February | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | | |
| March | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | | |
| April | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 30 | |
| May | 1 | 2 | 3 | 4 | 5 | 6 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 28 | 29 | 30 | 31 |
| June | 1 | 2 | 3 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 25 | 26 | 27 | 28 | 29 | 30 |
| July | 1 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | |
| August | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | | |
| September | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | | |
| October | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 29 | 30 | 31 |
| November | 1 | 2 | 3 | 4 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 26 | 27 | 28 | 29 | 30 |
| December | 1 | 2 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 24 | 25 | 26 | 27 | 28 | 29 | 30 |

2. Vacation Schedule

☒ Each parent may designate 2 week(s) each year during which they will have exclusive physical custody of the children and the regular or alternative exchange weekday and weekend schedules do not apply. Father shall have first choice of weeks in odd-numbered years. Mother will have first choice of weeks in even-numbered years. The parent with the first choice of weeks must designate his or her vacation week(s) by March 1st of his or her year. Thereafter, the other parent must designate his or her vacation week(s) by April 1st of his or her year. If the vacation schedule conflicts with the holiday schedule, the holiday schedule takes precedence.

3. Holidays

A different schedule can apply on holidays. The times each parent will have with the children during the holidays are set forth on the Holiday Exchange Schedule on page 5 and the Additional Special Occasion Exchange Schedule of these Residential Schedules. Holidays and vacations do not alter the "Week One" or "Week Two" designation, but they do apply ahead of the regular schedule. If the holiday schedule conflicts with any other schedule, the holiday schedule takes precedence.

Those paragraphs marked "***" differ from Form CCFC180.

_____   _____   ___NA_____
Mother                    Father                    Guardian ad Litem

_____#58541_____   ___NA_____
Attorney for Mother       Attorney For Father

; SO ORDERED:

_____
Judge    Division 37

June 20, 2017

Parenting Plan Part A – Residential Schedules – Page 2

Form CCFC180-11/09

## Weekday and Weekend Exchange Schedule

| | DAY OF WEEK | EXCHANGES FOR DAY |
|---|---|---|
| **WEEK ONE** | Sunday Week 1 | Children with Mother. |
| | Monday Week 1 | Children with Mother. |
| | Tuesday Week 1 | Children with Mother. |
| | Wednesday Week 1 | Children with Father commencing at the end of school (or 9:00 a.m. if no school) |
| | Thursday Week 1 | Children with Father. |
| | Friday Week 1 | Children with Father. |
| | Saturday Week 1 | Children with Father. |
| **WEEK TWO** | Sunday Week 2 | Children with Father. |
| | Monday Week 2 | Children with Mother commencing at the end of school (or 9:00 a.m. if no school) |
| | Tuesday Week 2 | Children with Mother. |
| | Wednesday Week 2 | Children with Father commencing at the end of school (or 9:00 a.m. if no school) |
| | Thursday Week 2 | Children with Father. |
| | Friday Week 2 | Children with Mother commencing at the end of school (or 9:00 a.m. if no school) |
| | Saturday Week 2 | Children with Mother. |

*Exchanges should be set forth on this schedule. For example, if Father picks up the children at the default location set forth in paragraph 13 for the period of time the children will be with him on Friday, then you would enter "Father receives children at 5:00 p.m." in the box next to the correct Friday. If the transfer occurs at a different location, you would enter "Father receives children at 5:00 p.m. at Mother's residence". There should always be an even number of exchanges on this schedule.*

## Holiday Exchange Schedule

| Holiday | Even Numbered Years | Odd Numbered Years | Physical Custody | |
|---|---|---|---|---|
| | | | From | To |
| | FATHER or MOTHER | FATHER or MOTHER | Time | Time |
| M.L. King Day | Mother | Father | 8:00 a.m. | 6:00 p.m. |
| President's Day | Father | Mother | 8:00 a.m. | 6:00 p.m. |
| Easter | Mother | Father | 4:00 p.m. on Friday before holiday | 8:00 p.m. on Easter |
| Spring Break | Mother | Father | 4:00 p.m. on last day of school before break | 6:00 p.m. on Sunday before school resumes |
| Memorial Day | Father | Mother | 4:00 p.m. on Friday before holiday | 6:00 p.m. on holiday |
| Independence Day | Mother | Father | 9:00 a.m. | 10:00 p.m. |
| Labor Day | Father | Mother | 4:00 p.m. on Friday before holiday | 6:00 p.m. on holiday |
| Thanksgiving | Mother | Father | 4:00 p.m. on Wednesday before holiday | 4:00 p.m. on Friday after holiday |
| Christmas Eve Holiday | Father | Mother | 4:00 p.m. on last day of school before break | Christmas Eve at 9:00 p.m. |
| Christmas Day Holiday | Mother | Father | Christmas Eve at 9:00 p.m. | 6:00 p.m. on Sunday before school resumes. |

## Additional Special Occasion Exchange Schedule

| Holiday | Even Numbered Years | Odd Numbered Years | Physical Custody | |
|---|---|---|---|---|
| | | | From | To |
| | FATHER or MOTHER | FATHER or MOTHER | Time | Time |
| Halloween | Mother | Father | 4:00 p.m. | 8:00 p.m. |
| Mother's Day | Mother | Mother | 9:00 a.m. | 6:00 p.m. |
| Father's Day | Father | Father | 9:00 a.m. | 6:00 p.m. |
| Mother's Birthday | Mother | Mother | 9:00 a.m. | 6:00 p.m. |
| Father's Birthday | Father | Father | 9:00 a.m. | 6:00 p.m. |
| Children's Birthdays | Mother | Father | 4:00 p.m. | 8:00 p.m. |

Form CCFC180-11/09                Parenting Plan Part A – Residential Schedules – Page 5

# Form CCFC200 – Addendum to Parenting Plan Part A
# Domestic Violence

**Case Information**

| Mother: Victoria Larson | Case Number: 16SL-DR05625 | Exhibit Number: 1-C |
|---|---|---|
| Father: Brad Jackson | County: St. Louis | |

**1. Domestic Violence between Parents**

☒ There has been no domestic violence between the parents.

**2. Pattern of Domestic Violence between Parents**

☒ There has been no pattern of domestic violence by either Mother or Father.

**3. Other Domestic Violence Provisions**

None.

Form CCFC200-11/10    Parenting Plan Part A – Domestic Violence

# Form CCFC181 – Parenting Plan Part B – Support

| Case Information | Mother: Victoria Larson | Case Number 16SL-DR05625 | Exhibit Number 1-D |
|---|---|---|---|
| | Father: Brad Jackson | County St. Louis | |

**1. Children's Information**

Part B of this parenting plan applies to 2 children. They are: Ruckus Jackson, age 5 and Maisy Jackson, age 3.

**2. Medical Insurance**

☒ Father shall maintain and pay the cost of medical insurance with comparable or better benefits at comparable or reduced cost to that now in effect for the benefit of the children. If no medical insurance is now in effect, then Father shall obtain medical insurance if it is available at reasonable cost through his employer or union. The current cost of this medical insurance included on Line 6c of Form 14 is $170 per month.

**3. Dental Insurance**

☒ Father shall maintain and pay the cost of dental insurance with comparable or better benefits at comparable or reduced cost to that now in effect for the benefit of the children. If no dental insurance is now in effect, then Father shall obtain dental insurance if it is available at reasonable cost through his employer or union. The current cost of this dental insurance included on Line 6c of Form 14 is $30 per month.

**4. Cost of Medical and Dental Insurance**

In the event either parent is required to maintain medical or dental insurance, the parent providing the health benefit plan shall provide to the other parent an insurance identification card. If support rights have been assigned to the state of Missouri or the Family Support Division is providing support enforcement services to either party, the person paying support shall notify the Family Support Division regarding the availability of medical insurance coverage through an employer or a group plan, provide the name of the insurance provider when coverage is available, and inform the division of any change in access to such insurance coverage.

**5. Medical and Dental Expenses**

As used herein, medical and dental expenses include amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body. This includes orthodontic and vision care, eyeglasses, contact lenses, and prescription drugs. It does not include cosmetic surgery that is directed at improving the patient's appearance and does not meaningfully promote the proper function of the body or prevent or treat illness or disease. It does include expenses to improve a deformity arising from, or directly related to, a congenital abnormality, a personal injury resulting from an accident or trauma, or a disfiguring disease. Expenses for counseling for the minor children shall be included as medical and dental expenses if the counseling is provided by a licensed social worker, licensed professional counselor, licensed psychologist or licensed psychiatrist.

| | |
|---|---|
| 6. Payment of Medical and Dental Expenses not Covered by Insurance | Unless one of the following two boxes is checked, all reasonable and necessary medical and dental expenses of the children not covered by insurance are to be paid <u>equally by the parents</u>. Except for good cause, no reimbursement of uncovered medical and dental expenses of the children will be allowed unless the person receiving support submits proof of such expenses to the person paying support in writing within 120 days of the date said expenses were incurred [or billed].<br><br>☐ The person receiving support will pay all reasonable and necessary medical and dental expenses of the children not covered by insurance and the person paying support will reimburse the person receiving support for 50% of all such expenses that are actually paid by the person receiving support and are in excess of $250 per year per child. If a parent incurs a non-emergency expense to a health care provider that is not covered by insurance and the available insurance would have paid for some or all of the expense, then the parent incurring the expense shall pay seventy-five percent (75%) and the other parent twenty-five percent (25%) of the uncovered expense. The parents may agree in writing to alternative arrangements as to providers and apportionment of uncovered expenses.<br>☐ Uncovered medical and dental expenses are not divided between the parents pursuant to RSMo. §454.603. |
| 7. Payment of Work-Related Child Care Costs | ☒ Each parent will pay his or her own reasonable work-related child care expenses related to his or her employment. The cost of reasonable work-related child care expenses has NOT been included in the child support calculation pursuant to Form 14. Neither parent will reimburse the other parent for any portion of the child care expenses. |
| 8. Child Care Expenses Unrelated to Employment | Incidental child care costs not related to employment are to be paid by the party with physical custody at the time the child care costs are incurred. |
| 9. Method of Payment of Child Support | ☒ No child support is ordered herein. |
| 10. Is Child Support pursuant to Form 14? | ☐ Yes. The court-ordered child support is the same as the presumed child support amount. The presumed child support amount as calculated herein is not rebutted as being unjust and inappropriate.<br>☒ No. The court-ordered child support is different from the presumed child support amount. After consideration of all relevant factors pursuant to RSMo. §452.340.8 and Form 14, the child support as calculated herein is rebutted as being unjust and inappropriate. |
| 11. Designation of Parties | ☒ Mother is the plaintiff. Father is the defendant. |
| 12. Designation of Parent Paying Support | ☐ Mother is the "parent paying support". Father is referred to as the "person receiving support".<br>☒ Father is the "parent paying support". Mother is referred to as the "person receiving support".<br>*If no regular monthly child support is to be paid by either parent, then you must still check one of the two boxes in this paragraph.* |

Parenting Plan Part B – Support of Children – Page 2

Form CCFC180-11/10

**13. Court-Ordered Child Support**

☒ **No Child Support** – Except as otherwise set forth herein, no regular monthly child support is to be paid by either party for the support of the children covered by this parenting plan.

**14. Starting Date for Child Support**

☒ No child support is ordered herein.

**15. Additional Provisions Pertaining to Support of the Children**

If a parent fails to pay a cost or expense as required by this parenting plan, then the other parent may pay the cost or expense and seek reimbursement from the parent who was to pay the expense. Any agreement by the parents to divide expenses not specifically listed in this parenting plan is unenforceable unless it is in writing. Additional provisions pertaining to the support of the children are on the attached addendum(s) to parenting plan marked as follows:

☒ Income Tax Exemptions (Exhibit 1-E)

<u>Educational and Extracurricular Expenses</u>: The parties shall equally pay all educational and extracurricular expenses that are incurred by prior mutual written agreement.

<u>Protocol for Reimbursement</u>: Within 30 days of expenditure, each parent will provide the other with proof of payment for medical, extracurricular and/or extraordinary expenses as set forth in this Parenting Plan and all exhibits and/or addendums attached thereto. For purposes of this paragraph, "proof of payment" shall be defined as any of the following: statement, invoice, receipt, or cancelled check. A parent owing money to the other shall reimburse the other parent within 30 days of receipt of proof of payment. If a parent fails to make payment by the 30th day, the amount due shall carry interest on it at the rate of 1% per month until paid. The parties shall cooperate with each other concerning the submission of insurance claims for health services rendered for a child and each shall promptly refund to the other as appropriate any sums paid by the other for which there is insurance reimbursement.

Those paragraphs marked "***" differ from Form CCFC181.

_____   _____   _____
Mother                                           Father                                              Guardian ad Litem

_____   _____
Attorney for Mother                      Attorney For Father

**SO ORDERED:**

_____
Judge    Division 37

June 20, 2017

# Form CCFC183 – Addendum to Parenting Plan Part B
# Income Tax Exemptions

| Case Information | Mother: Victoria Larson | Case Number 16SL-DR05625 | Exhibit Number 1-E |
|---|---|---|---|
| | Father: Brad Jackson | County St. Louis | |

**1. Income Tax Exemptions**

Unless stated otherwise below, the person receiving support shall be entitled to claim the minor children as dependents in all years. The schedule of basic child support obligations assumes that the parent entitled to receive support claims the tax exemption for the children entitled to support. If the person paying support is entitled to claim any of the minor children as dependents for any tax year, then he or she must be current with all support obligations as of December 31 of the tax year in which the child is to be claimed. Each parent will sign any appropriate documents to allow the other parent to make such claims. The parents shall be entitled to claim the minor children as dependents for income tax purposes as follows:

| Name of Child | In odd numbered tax years, this parent will claim this child as a dependent | In even numbered tax years, this parent will claim this child as a dependent |
|---|---|---|
| Ruckus Jackson | Mother | Mother |
| Maisy Jackson | ~~Mother~~ FATHER | ~~Mother~~ FATHER |



**Parenting Plan Part B – Support of Children**

Form CCFC186-11/09

IN THE CIRCUIT COURT OF ___ST. LOUIS COUNTY___ COUNTY, MISSOURI

In re the Matter of ___VICTORIA LARSON___ v ___BRADLEY JACKSON___

DIV/CT ROOM ___37___    CASE NO. ___16SL-DR05625___

# FORM NO. 14 CHILD SUPPORT AMOUNT CALCULATION WORKSHEET

| ☒ Respondent / ☐ Petitioner is the "Parent Paying Support" Total Number of Children: __2__ | PARENT RECEIVING SUPPORT | PARENT PAYING SUPPORT | COMBINED |
|---|---|---|---|
| 1. MONTHLY GROSS INCOME | $2,333.00 | $3,000.00 | |
| 1a. Monthly court-ordered maintenance being received | | | |
| 2. ADJUSTMENTS | | | |
| 2a. Other monthly child support pursuant to court or administrative order | | | |
| 2b. Monthly court-ordered maintenance being paid | | | |
| 2c. Monthly support obligation for other children. | | | |
| (1) Number of other children primarily residing in each parent's custody | | | |
| (2) Each parent's support obligation from support schedule using the parent's Line 1 monthly gross income | $0.00 | $0.00 | |
| (3) Monthly child support received under court or administrative order for children included in line 2c(1) | | | |
| 2c. TOTAL adjustment [Line 2c(2) minus Line 2c(3)] | $0.00 | $0.00 | |
| 3. ADJUSTED MONTHLY GROSS INCOME (sum of lines 1 and 1a, minus lines 2a, 2b and 2c). | $2,333.00 | $3,000.00 | $5,333.00 |
| 4. PROPORTIONATE SHARE OF COMBINED ADJUSTED MONTHLY GROSS INCOME (Each parent's line 3 income divided by combined line 3 income). | 43.7% | 56.3% | |
| 5. BASIC CHILD SUPPORT AMOUNT (From support chart using combined line 3 income). | | | $1,323.00 |
| 6. ADDITIONAL CHILD-REARING COSTS OF PARENTS | | | |
| 6a. Child Care Costs of Parent Receiving Support | | | |
| (1) Reasonable work-related child care costs of the parent receiving support. | $200.00 | | |
| (2) Child Care Tax Credit (See Form 14 Directions) | $56.00 | | |
| 6a. TOTAL adjusted Child Care Costs [Line 6a(1) minus Line 6a(2)] | $144.00 | | |
| 6b. Reasonable work-related child care costs of the parent paying support | | $0.00 | |
| 6c. Health insurance costs for the children who are subjects of this proceeding | | $200.00 | |
| 6d. Uninsured agreed-upon or court-ordered extraordinary medical costs | | | |
| 6e. Other agreed-upon or court-ordered extraordinary child-rearing costs | | | |
| 7. TOTAL ADDITIONAL CHILD-REARING COSTS (Enter sum of lines 6a, 6b, 6c, 6d and 6e). | $144.00 | $200.00 | $344.00 |
| 8. TOTAL COMBINED CHILD SUPPORT COSTS (Sum of line 5 and line 7). | | | $1,667.00 |
| 9. EACH PARENT'S SUPPORT OBLIGATION (Multiply line 8 by each parent's line 4) | $728.00 | $939.00 | |
| 10. CREDIT FOR ADDITIONAL CHILD-REARING COSTS (Line 7 of parent paying support). | | $200.00 | The visitation credit is allowed for all children. |
| 11. ADJUSTMENT FOR A PORTION OF AMOUNTS EXPENDED BY THE PARENT OBLIGATED TO PAY SUPPORT DURING PERIODS OF OVERNIGHT VISITATION OR CUSTODY. (See Form 14 Directions) (Multiply line 5 by __34__ %). ☐ Force Other Credit Percentage | The Form 14 Visitation Credit for 182 overnights is 34%. | $450.00 | |
| 12. PRESUMED CHILD SUPPORT AMOUNT (Line 9 minus lines 10 and 11). | | $289.00 | |

1 Child: $198    2 Children: $289    3 Children:    4 Children:    5 Children:    6 Children:

OSCA (07-17) CS01    1 of 1    SCR 88.01